## PAYNE vs. McKINNEY AND WHITLOW.

1. A deed made since 1839, and attested by a Justice of the Peace, is not admissible in evidence, upon the fact of its having been recorded without other proof.

2. The possession of the vendee under a bond for titles, is not the possession of the vendor, (especially when the former repudiates the title of the latter,) so as to perfect the statutory title of the vendor, by reason of the adverse holding af the vendor and vendee.

Ejectment, in Fannin Superior Court.  Tried before Judge RICE, at the May Term, 1859.

This action was brought by John Doe, *ex dem*, Mordecai McKinney and Miles W. Whitlow *vs*. Richard Roe, casual ejector, and Nathaniel S. Payne, tenant in possession.  Porter Fleming was subsequently made co-defendant.

On the trial, plaintiff read in evidence the grant from the State of Georgia to Mordecai McKinney for the lot of land in controversy; proved the possession of Payne at the time suit was commenced, and that the land lay in the county of Fannin.  He also proved that Whitlow, as the agent of McKinney, sold the land to John Patterson, taking his note for the purchase money, and executing a bond for titles to John Patterson and Enoch Patterson, jointly; that John Patterson took possession of the land in 1840, asserting title and claiming it as his own; that after he had kept possession of the land for several years, an action was brought in the Superior Court of Gilmer county, in which the land then lay, in favor of John Doe *ex dem*, Mordecai McKinney *vs*. Richard Roe, casual ejector, and Enoch Patterson, tenant in possession, in which action a judgment was rendered in favor of the plaintiff on the 19th of September, 1848; that after the termination of said suit, Enoch Patterson held the land as tenant of Whitlow for about two years, and then left it, giving Whitlow written notice that he was his tenant no longer, and would not hold under him; that Enoch Patterson re-entered upon the land, setting up title in himself, and then sold it to Payne, who went into the possession of the land, and remained on it until this suit was commenced in July, 1854; that Enoch Patterson paid John Patterson in full for the land,

but John Patterson never paid Whitlow.    Plaintiffs also offered in evidence, a power of attorney, made by McKinney to Whitlow for a valuable consideration, and irrevocable, dated the 6th of April, 1839, empowering Whitlow to sell and convey the land in dispute.    The power of attorney was attested by a Justice of the Peace, and recorded the 12th of August, 1847.    Defendants objected to the introduction of this power of attorney, on the ground that its execution was not proven, and that the attestation thereof by a Justice of the Peace, and its registration did not make it admissible in evidence without proof of its execution.    The objection was overruled by the Court and the power of attorney admitted.

The defendants then introduced the following testimony, to-wit :    The grant to McKinney aforesaid ; a deed from John T. Bailey, Sheriff of Gilmer county, to John Lamar, dated the 8th of August, 1836, recorded 5th of November, 1836, and made pursuant to a sale of the land in dispute, as the property of McKinney, under a *fieri facias* issued from a Justice's Court of Wilkes county, in favor of a man by the name of Dooley, for the use of Peter Lamar against said McKinney, and after showing the loss of the *fi. fa.*, proved its contents, and that it had all the entries on it necessary to authorize a valid sale.    Also, a deed from John Lamar to Porter Fleming for the land in dispute, dated 9th of January, 1855 ; also, a deed from B. B. Moore and LaFayette Lamar, to Porter Fleming, for the land in dispute.

The jury returned a verdict for the plaintiffs.    Defendants moved for a new trial on the following grounds, to-wit :

1.  Because the verdict was contrary to the evidence in the cause.

2.  Because the verdict was greatly against the weight of the evidence.

3.  Because the Court erred in admitting as evidence, an exemplification of the record of a suit in Gilmer Superior Court, against Enoch Patterson, for the land in dispute.

4.  Because the Court erred in admitting as evidence the power of attorney from McKinney to Whitlow, without proof of its execution.

5.  Because the Court erred in charging the jury " that if Enoch Patterson entered under a joint bond to himself and John Patterson, with a transfer from John to Enoch, such transfer from John to Enoch for full payment, would make

Enoch's possession adverse to John Patterson, but not adverse to McKinney."

6. Because the Court erred in charging the jury that if land be sold by the sheriff, and the defendant afterwards takes possession, claiming the land as his own, the right of the purchaser is barred in seven years.

There were several other grounds taken in the motion which it is not necessary to set out.

The motion was overruled by the Court, and the judgment is assigned as error.

WALKER; MARTIN, by IRWIN and LESTER, for plainitff in error.

BROWN and EZZARD, for defendant in error.

*By the Court*—LUMPKIN, J., delivering the opinion.

Was the power of attorney made by McKinney to Whitlow, and witnessed only by a Justice of the Peace, admissible in evidence upon the fact merely of its having been recorded without other or further proof of its execution?

Conceding that it operated as a conveyance, and that one witness was sufficient to constitute it a good deed, still there is no law which entitles it to registration upon the attestation of a single witness, although he be a magistrate. The Act of 1839, applies only to deeds made prior to that time.

The main question in this case is this: Can the vendor of lands avail himself of the possession of his vendee, especially when he repudiates the title of his vendor to perfect a statutory title by adverse possession?

It is true, the books treat the vendor and vendee under a bond for titles, as occupying the *quasi* relation of landlord and tenant. But not, we apprehend, for the purposes contended for in this case. The tenant stipulates to hold the premises for his landlord proper, and to return it at the expiration of the lease: not so the vendee—and while he holds the land in subordination to the title of the vendor, still he holds it as an absolute purchaser, and never contemplates a surrender, and each party is remitted to his respective rights resulting from the executory contract.