BELL v. SAPPINGTON et al.

| | |
|---|---|
| 111 | 391 |
| 128 | 274 |
| 111 | 391 |
| 130 | 526 |

1. A contract made by a parent with her daughter and the latter's intended husband, to the effect that if the contemplated marriage is solemnized, and the husband will expend the necessary amount of money in building a dwelling-house upon a vacant lot belonging to the mother, she will convey the lot to the daughter, is supported by a sufficient consideration.

2. When such a contract, though resting entirely in parol, has been performed by the solemnization of the marriage and the improving of the lot at the son-in-law's expense as agreed, it is taken out of the operation of the statute of frauds.

Submitted June 19, — Decided July 13, 1900.

Injunction.   Before Judge Lumpkin.   Fulton county. March 10, 1900.

P. F. Smith and R. R. Shropshire, for plaintiff in error.
Abbott, Cox & Abbott, contra.

COBB, J.   The material averments of the petition in the present case are as follows:   The petitioners are T. H. Sappington and Mrs. S. K. Sappington, and the defendant is Mrs. Lucy M. Bell, the mother of Mrs. S. K. Sappington.   Petitioners are husband and wife, having intermarried in February, 1898.   In contemplation and consideration of such marriage, petitioners and the defendant entered into a tripartite contract, by which it was agreed amongst them that the marriage should be solemnized, and that T. H. Sappington should furnish material necessary to build a dwelling-house upon a one-acre lot belonging to the defendant, and that the defendant after the house

was built would make to Mrs. S. K. Sappington a deed in fee simple to the lot. It was understood between the parties that the money expended by T. H. Sappington for the material to be used in erecting the house was " in equity to be considered as paid and furnished" in behalf of his wife. Petitioners fully and in all respects performed and carried out their part of the contract, T. H. Sappington buying and furnishing the material necessary to build the house. During the time the house was being built petitioners gave their time and attention to the building of the same. On November 24, 1898, defendant had petitioner T. H. Sappington to have a deed to the lot in question prepared for her to make and deliver in accordance with her contract. This deed was prepared and submitted to the defendant, and she recognized and stated that it properly described the lot in controversy, and promised that she would sign and deliver it at once. Shortly after the house was built the petitioner Mrs. S. K. Sappington moved into the same without any objection being made by the defendant, who also moved into the house and remained there until May, 1899. At that time she moved and left petitioners in exclusive possession, T. H. Sappington having moved into the house, and they have remained in possession until the present time, and have given time, care, and labor to the preservation, protection, and taking care of the premises, treating them as the property of Mrs. S. K. Sappington, and paying the taxes thereon. Shortly after she left the premises the defendant placed the property in the hands of real estate agents for sale, and has attempted to sell the property ; defendant claiming that petitioners are tenants at sufferance of hers. Petitioners have requested defendant to at least pay back the money expended in building the house and for taxes on the same, but she has refused either to do this or to make the deed as she agreed to do. Petitioners pray, first, that defendant be decreed to make and deliver to Mrs. S. K. Sappington a fee-simple deed to the premises in dispute; second, that, if for any reason this can not be done, the defendant be decreed to pay to Mrs. Sappington the sum expended in building the house, besides interest, and the amount expended by petitioners as taxes on the property, this amount to be reduced by the value of the premises for rent during the time petitioners have been in possession ; third, that until the

hearing an injunction be granted, restraining defendant from alienating, encumbering, or "in any wise putting a cloud upon the title" of the property or changing the status thereof in any way. The defendant demurred to the petition on various grounds, among them being that there was no equity in the petition; that the contract sought to be enforced was not in writing, as required by the statute of frauds; that there was no consideration for the promise of defendant flowing from S. K. Sappington; the only possible consideration being the contemplated marriage, and the subsequent marriage was not such part performance as took the case out of the statute of frauds. The court overruled the demurrers and granted the injunction as prayed, and to each of these judgments exception was taken by the defendant.

We do not think there was any error in overruling the demurrers to the petition. There was equity in the petition, and the same does not seem to be subject to any of the objections set up in the special demurrers. In dealing with the case, however, we will refer only to such questions as were insisted on in the argument. It was contended that the petition was defective because there was no distinct allegation that the contract was made with any particular person. It was distinctly alleged that the petitioners and the defendant entered into an agreement whereby, upon the performance by T. H. Sappington of the undertaking therein provided for, the defendant was to make and deliver to Mrs. Sappington a deed to the lot in question. These allegations, fairly interpreted, mean nothing less than that there was an agreement between Mrs. Bell and her daughter that the latter should be entitled to a conveyance of the property upon the performance by the husband of certain acts. Mrs. Sappington was the real party to the agreement and the one to be benefited by its being carried into effect, and her husband, although he was not to receive any direct benefit from the agreement, was the person from whom the consideration was to move. If there is a valid consideration for the promise, it matters not from whom it moved; the promisee may sustain his action, though a stranger to the consideration. Civil Code, § 3664. Treating the petition as one setting up an agreement between Mrs. Bell and her daughter, did it set forth a cause of action as against the objections that the agreement re-

lied on was within the statute of frauds, and that there was no consideration moving to Mrs. Bell to support the alleged promise made by her? Performance of a parol contract for the sale of land will be decreed if it be so far executed by the party seeking the relief, and at the instance or by the inducements of the other party, that, if the contract be abandoned, he can not be restored to his former position. Civil Code, § 4037. As a general rule, equity will not decree the specific performance of a voluntary agreement or a mere gratuitous promise. To this general rule there is, however, an exception. If possession of land has been given under such an agreement, upon a meritorious consideration, and valuable improvements have been made upon the faith of the agreement, a court of equity will decree a specific performance of the agreement. Civil Code, § 4039. In the case of Mims v. Lockett, 33 Ga. 9, 20, Judge Lyon says: "It has been settled that when a parol agreement is clearly proved, in consequence of which one of the parties has taken possession and made valuable improvements, such agreement shall be carried into effect. We see no material difference between a sale and a gift, because it certainly would be fraudulent in a parent to make a gift which he knew to be void, and then entice his child into a great expenditure of labor of which he meant to reap the benefit himself." In that case there was a parol agreement between a father and his son-in-law that the former would give to the latter certain land upon his moving upon the same, and upon the faith of this parol promise he did move upon the land, cleared the same and made valuable improvements. It was held that the gift was good and would be enforced in equity; that the taking possession and making valuable improvements was such a part performance as took the case out of the statute of frauds. See also Porter v. Allen, 54 Ga. 623; Hughes v. Hughes, 72 Ga. 173; Floyd v. Floyd, 97 Ga. 124; Looney v. Watson, Ibid. 235; Ogden v. Dodge County, Ibid. 461; Causey v. Causey, 106 Ga. 188, 193.

In a case like the present it is not necessary that there should be any valuable consideration moving to the person undertaking to convey the property, for the reason that if the transaction be treated as a gift, it will be upheld and a specific performance of the undertaking decreed where the parties

to the transaction are parent and child ; the undertaking of the parent being thus supported by the meritorious consideration required by law.　While it is necessary, in order to authorize a specific performance, that the donee should go into possession of the property and make valuable improvements thereon, it is not essential to the right of the donee to demand performance that the improvements should be paid for by him.· As between the donor and the donee, the only thing necessary to be determined, so far as this matter is concerned, is whether the donee, relying upon the gift, has made improvements which were valuable and of a substantial nature.　Especially would the donee not be deprived of the right to a specific performance on account .of not having himself paid for the improvements, where the agreement, as in the present case, distinctly provided that such improvements should be paid for by another person.　Under the facts alleged, Mrs. Sappington is entitled to a decree requiring her mother to convey to her the land in controversy, and the court did not err in overruling the demurrers.

The bill of exceptions also assigns error upon the granting of the injunction.　As the petitioners were in possession of the property, and as the filing and diligent prosecution of this suit would be notice to all persons of their rights in the land, an injunction to restrain the defendant from selling or incumbering the land was not absolutely essential to the protection of their interests in the property.　See *Edwards* v. *Mulford*, 35 *Ga.* 213; *Smith* v. *Malcolm*, 48 *Ga.* 343; *Clay* v. *Clay*, 86 *Ga.* 359. In the last two cases this court held that it was no abuse of discretion to refuse to grant an injunction restraining the defendant from selling or incumbering the land, for the reason that the plaintiff was amply protected under the doctrine of lis pendens.　Where, however, the court sees proper to grant the injunction restraining the defendant from doing anything to complicate the title while the case is pending, this court will not interfere, unless in an extreme case, with his discretion in so doing.　　　*Judgment affirmed.　All the Justices concurring.*