## LOUDERMILK et al. v. MARTIN.

1. In a suit for injunction against trespass by cutting and removing timber from land, the plaintiff alleged, and introduced evidence, that one of the defendants had sold the land to her in consideration of her agreement to pay an annuity to the vendor, and that on the faith of this contract she went into possession of the land, paid taxes and made valuable improvements on it, and paid the annuity. *Held:*

(*a*) The refusal of the vendor to make a deed in accordance with the contract would not prevent the vendee from securing an injunction against such trespasses.

(*b*) It would not be necessary upon the trial of such a case for the vendee to show title in the vendor.

(*c*) Where the vendor, and others acting for the vendor, are removing and threaten to continue from day to day to remove timber from the land, the vendee is entitled to an injunction against such trespasses.

2. Under the facts disclosed by the record, the court did not abuse its discretion in granting an interlocutory injunction.

Submitted February 14,—Decided April 15, 1908.

Injunction. Before Judge Kimsey. Habersham superior court. December 23, 1907.

*J. C. Edwards,* for plaintiffs in error.

HOLDEN, J. The defendant in error made application to enjoin the plaintiffs in error from cutting and removing growing trees from lands which she claimed. To the order of the court, granting an interlocutory injunction, the plaintiffs in error excepted. The original defendants, who admitted that they were cutting timber from the land in dispute, claimed that they were acting for the plaintiff's mother, who was made a party defendant and made the same answer as the other defendants. The defendants claimed that the plaintiff's mother owned the land in fee simple. The plaintiff claimed that she and her sister held the remainder interest in a tract of land devised by their father to their mother for life, and offered evidence to show, that the tract of land was divided between her and her sister by their mother; that her mother relinquished all her interest in the land to her and her sister, in consideration of their paying annually $10 each to their mother, which the plaintiff had paid to the time of the trial and would in the future continue to pay; that on the 23d of November, 1903, her mother had the county surveyor to make the division of the land, and the land in dispute was assigned to the plaintiff, and all agreed to the division; that soon after this division was made, she went into possession of the land in dispute, and is now in possession,

and has paid the taxes and made valuable improvements thereon. She testified that her mother gave her "the deeds, that deeds might later be made to plaintiff, and plaintiff is still in possession of said deed." The defendants introduced evidence controverting all the material portions of the plaintiff's evidence.

Whether the plaintiff did or did not own a remainder interest in the land under the will of her father, she acquired an equitable right thereto as against her mother (the only defendant claiming title to the land), if her mother sold her the land in consideration of a promise by the plaintiff to pay her $10 annually, and the plaintiff went into possession of the land in dispute under this contract, paid the annuity, and made valuable improvements on the land upon the faith of the contract. *Grace* v. *Means*, 129 *Ga.* 638 (59 S. E. 811); *Bell* v. *Sappington*, 111 *Ga.* 391 (36 S. E. 780); *Denham* v. *Walker*, 93 *Ga.* 497 (21 S. E. 102). Upon proof of such equitable right, the plaintiff had the right to object to a trespass by the person from whom she bought, or by any one acting for that person. *McArthur* v. *Matthewson*, 67 *Ga.* 134; *Downing* v. *Anderson*, 126 *Ga.* 373 (55 S. E. 184).

As the plaintiff claimed under her mother, it was not necessary, in an action to enjoin the mother and those acting under her, that the plaintiff should prove title in the person from whom her mother claimed title. The material portions of the evidence of the plaintiff were disputed by the defendants, and we do not mean to intimate what was the truth of the disputed issues, but the question of title was one of fact, under conflicting evidence, and the court did not abuse its discretion in granting an injunction until the issue could be tried and passed upon by a jury. Whether the defendants were solvent or insolvent, the plaintiff, to prevent a multiplicity of suits for damages occasioned by trespasses, could maintain an injunction against the cutting and removal of timber by persons who had no right to cut and remove it, where the evidence showed that the trespasses were being committed and would be continued from day to day. *Gray Lumber Co.* v. *Gaskin*, 122 *Ga.* 342 (50 S. E. 164); *Garbutt Lumber Co.* v. *Camp*, 129 *Ga.* 411 (58 S. E. 870). There is nothing in the record to show that the court abused its discretion in granting an interlocutory injunction, and the judgment is therefore

*Affirmed. All the Justices concur.*