KIMBRELL v. THOMAS.

1. Frequent acts of trespass, accompanied with threats to continue, constitute a sufficient reason to grant an injunction against a solvent defendant at the instance of the owner of the land.

2. A conveyance of growing timber is to be executed as a conveyance of land. A deed to realty executed beyond the State must be attested by two witnesses, one of whom shall be an official designated in the Civil Code, § 4203, to entitle it to registry. A deed to realty attested solely by a notary public, though actually entered of record, is not admissible in evidence as a registered deed.

3. There was no abuse of discretion in granting an interlocutory injunction.

DECEMBER 12, 1912.

Injunction. Before Judge Parker. Pierce superior court. June 8, 1912.

*Milton & Williams,* for plaintiff in error.

EVANS, P. J.   The exception is to the grant of an interlocutory injunction against the cutting and removal of timber.  The plaintiff alleged himself to be the owner of the land; that the defendant pretended to have title to the timber on the land, emanating from the same person from whom the plaintiff derived his title, but in fact he had no such title; that the defendant was cutting and removing timber from the land, and threatened to continue to cut and remove the timber until all of a certain class was exhausted. The defendant showed cause against the grant of an injunction, by demurrer and answer.  In the latter he admitted that he claimed title to the timber from the same source from which the plaintiff claimed title to the land, but averred that his title was prior in time to that of the plaintiff; he also admitted the trespass and his intention to continue to cut and remove the timber from the land.

1.  The trend of modern authority is towards an extension of the remedy of injunction to prevent the cutting and removal of timber from land by a solvent trespasser.  The rule is now well established in this State that the cutting of timber may be enjoined, though the defendant be solvent, where the circumstances indicate that the trespasses are constantly recurring, and the defendant threatens to continue from day to day to cut the timber. *Gray Lumber Company* v. *Gaskins,* 122 *Ga.* 342 (50 S. E. 164); *Huxford* v. *Southern Pine Company,* 124 *Ga.* 181 (52 S. E. 439); *Loudermilk* v. *Martin,* 130 *Ga.* 525 (61 S. E. 122).

2.  The plaintiff connected his title with that of the common grantor.  The defendant undertook to relieve himself from the imputation of being a trespasser, by exhibiting certain conveyances, beginning with a deed to the timber on the land from the common propositus, of prior date to the deed from the same grantor to the plaintiff's feoffor.  The deed to himself in this chain of conveyances was executed in the State of Florida, and was attested solely by a notary public.  The court rejected this deed from evidence as a registered deed, on the ground that the deed was not so executed as to entitle it to registry.  Growing timber is to be considered as realty (*Balkcom* v. *Empire Lumber Company,* 91 *Ga.* 651, 17 S. E. 1020, 44 Am. St. R. 58), and therefore deeds conveying the timber on land must be executed with the same formality as deeds which

convey the land. The statute provides that in order to authorize the record of a deed to realty, where it is executed out of the State, it must be attested by two witnesses, one of whom must be an official designated in the Civil Code, § 4203. A notary public may officially attest a deed executed without the State, but his attestation, without another witness, does not render the deed admissible to record. The court therefore properly excluded the deed from evidence. *Payne* v. *McKinney,* 30 *Ga.* 83. Complaint is also made of the rejection from evidence of a bond for title, included in the defendant's muniments of title; but as the defendant relied on title, and was not in possession of the land, the exclusion of the deed from his immediate grantor to himself defeated the title set up in his answer, and the ruling of the court respecting the admissibility of other links in his title became immaterial.

3. Having failed to show that he had any title to the timber, the defendant sustained the attitude of a trespasser; and under the evidence and admissions in the pleadings, there was no error in granting an interlocutory injunction.

*Judgment affirmed. All the Justices concur.*