### RUDULPH, administrator, *et al. v.* BROWN.

1. On the trial of an injunction case, where one of the issues was whether one of the predecessors in title of the defendant was the legitimate child of his father and mother (who were slaves), it was competent to permit a witness for the defendant to testify that at the time of his birth in 1859 the father- and mother were " living there as man and wife."

2. In order to raise a presumption of the death of a person who moves from this State to a named point in another State, inquiry must be made at the last known domicile of the absentee at which he resided in the other State; and it must be shown, by those who would be most likely to hear from him, that he was absent and unheard of in the last place of residence for seven years.

No. 1554.    MAY 11, 1920.

Complaint for land. Before Judge Highsmith. Camden superior court. June 21, 1919.

J. H. Rudulph as administrator upon the estate of Jack Price, deceased, brought his petition for injunction against E. Brown, alleging substantially that the defendant was committing certain acts of trespass upon land described, the title to which plaintiff claimed was in him as administrator, and that the defendant was insolvent and could not respond in damages. The prayer was that

the defendant be enjoined from cutting and removing the timber from the land described, or otherwise interfering therewith, and to recover possession of the land. Robert Glover, Joseph Pinkney, and Wilimina Holiday filed an intervention and asked to be made parties plaintiff, alleging that they are the sole heirs at law of Sarah Pinkney, who it was alleged was the sole heir at law of Jack Price, deceased. This intervention was allowed by the court, and the intervenors were made parties plaintiff. The defendant answered the petition, and averred, among other things, as follows: At some date during the year 1903 Henry Mack Price entered into possession of the land in controversy as the sole surviving child of Jack Price, and occupied the same, living thereon; and such possession continued under the title of Henry Mack Price peaceably and without interruption and notoriously for more than seven years from and after that time, and the same has continued until the present. While Henry Mack Price was in possession of the land it was levied upon as his property by the sheriff of Camden County, by virtue of an execution issued against Henry Mack Price from the city court of St. Marys; and under the levy the land was duly sold at public outcry by the sheriff on January 4, 1910, at which sale J. H. Rudulph and S. C. Townsend became the purchasers, and a deed was accordingly made to them by the sheriff on said date, conveying the land in controversy, and they were in possession of it until January 26, 1911, on which date Rudulph and Townsend sold and conveyed the property to this defendant and he has since continued to own and possess the same. The estate of Jack Price owes no debts, and the only interest the plaintiff as administrator could have in the property of the estate is to pay off and discharge the costs in the court of ordinary incurred while administering the estate. As administrator he became bound, so far as the property is concerned, for any claims against the estate of Jack Price. The administrator is solvent and able to respond to the payment of any such claims; and even if this were not true, his bond as administrator would be bound therefor. The defendant at the time he purchased the property in controversy was not advised of the existence or pendency of said administration; he has never been called upon to pay the costs of the court of ordinary; and before filing this answer he offered to pay off and

discharge said court costs and thereby entirely discharge the estate from any claim against it, which offer was refused by the administrator. It is averred that there is nothing involved in this suit except the costs of the court of ordinary. Defendant charges that the present suit is malicious, and was brought for the purpose of causing him loss and trouble. He prays that if upon the trial of the case he should prevail, he thereupon be permitted to pay the said costs and charges that may be against the property, and any claim that plaintiff as administrator holds against it; and that the costs of this proceeding be charged and decreed against the plaintiff. There is a further prayer that the plaintiff be restrained and enjoined from further proceeding against the property in question, or from molesting the defendant in respect thereof.

The jury returned a verdict for the defendant; and upon a motion for new trial being denied, the plaintiffs excepted.

*S. C. Townsend,* for plaintiffs.

*Conyers & Wilcox* and *Emmett McElreath,* for defendant.

HILL, J. (After stating the foregoing facts.)

1. There are but two special grounds of the motion for new trial. The first complains that the court erred in permitting a witness for the defendant, D. B. Cooner, to answer the following question of defendant's counsel, over objection: " In what condition, with regard to wedlock or marriage, were Jack Price's [meaning Henry Mack Price] father and mother living at the time he was born?" the witness answering, "Living there as man and wife." The objection to this testimony was that there was no wedlock among *slaves* before the war; and that the witness could only state the facts. It is insisted that it was for the jury to determine whether the state of facts recited by the witness consituted wedlock or showed that they were living together as husband and wife, and that the relation of these slaves at the time of the birth of the child in question was for determination entirely by the jury. We do not agree with this contention. We think it was competent for the witness to testify to the fact that the father and mother of Henry Mack Price (who were slaves) were living together at the time testified to by him, as husband and wife. The Civil Code (1910), § 2180, provides: " Every colored child born before the 9th day of March, 1866, is hereby

declared to be the legitimate child of his mother; but such child is the legitimate child of his colored father only when born within what was regarded as a state of wedlock, or when the parents were living together as husband and wife." The testimony objected to was competent to show that the parents of Henry Mack Price were living together at the time inquired about, as husband and wife.

2. The second special ground of the motion for new trial complains of the following charge of the court: "Now, the presumption of law is, gentlemen, that life continues for seven years. After the lapse of seven years there is no presumption of continuance of life. The law presumes that it continues for seven years, but no longer. If you should find that the other child, soon after the war, or during the war, or before the war, or sometime thereabout, left this part of the country and has not been heard of since, it is the opinion of the court that the presumption would be that such child was no longer in life, or the presumption of life would not continue for longer than seven years after that time — the last time such child was heard of in the country from which he may have gone." It is argued that this charge was an erroneous statement of the law of presumption of death by absence; that there was no evidence that the child referred to in the charge had not been heard from within seven years by those who would be most likely to hear from him, at the place to which he had moved in another State. The charge complained of was inappropriate to the facts of the case, and was erroneous and calculated to mislead the jury. The evidence tended to show that Henry Mack Price, his mother, and one other son of Jack Price had moved to a certain point in Florida in 1859, and that the other son and mother had not been heard from since; but the evidence nowhere discloses the fact that inquiry was made at the point in Florida to which these people had moved from Georgia, in order to ascertain whether they were living or dead, nor whether they had ever been heard of from that point by those who would be most likely to hear, and, if so, when; nor whether Jack Price left other legitimate children or heirs at law. In *Hansen* v. *Owens,* 132 *Ga.* 648 (64 S. E. 800), this court held: "Where it is sought to raise a presumption of death, by reason of the absence of a person from his known place of residence or

domicile for seven years without being heard from, by the testimony of a witness who merely makes inquiry to lay the foundation for such proof and who himself is not cognizant of any of the facts, the evidence must show that there has been an unsuccessful effort to find the absent person by search and diligent inquiry at his last known place of residence and among his relations or acquaintances, if any, and it must appear that the absent party has not been heard from for seven years or more by those who would be most likely to hear from him. Evidence of absence of a person from his original place of residence will not raise the presumption of death, where it appears that he has moved to another place and there located." In the opinion it is said: "A presumption of death may arise where a person has been absent from his known place of residence or domicile for seven years without being heard from. In order to show that he has not been heard from by a witness who merely makes inquiry for the purpose of making proof which will raise a presumption of death, the evidence must show that there has been an unsuccessful effort to find the absent person by search and diligent inquiry at his latest known place of residence and among his relations, or acquaintances, if any; and it must appear that the absent party has not been heard from within seven years by those who would be most likely to hear from him. Mere absence is not sufficient to raise the presumption. A person may be absent from his home or from his last place of residence in this State for many years on business or for other sufficient reason, but may have been heard of by his family or friends. Or a person may move from one locality and establish a residence or domicile in another. Evidence of absence from his original place of residence will not raise the presumption of death, where it appears that he has moved to another place. Gray v. McDowell, 6 Bush (Ky.), 475; Keller v. Stuck, 4 Redfield (N. Y.) 294. See, on the general subject, Cofer v. Flanagan, 1 Ga. 538; Adams v. Jones, 39 Ga. 479; Watson v. Adams, 103 Ga. 736 (30 S. E. 577); 13 Cyc. 301." "Mere proof that a person moved away to another State and has not been heard from, without proof of absence from the new domicile, will not raise a presumption of death." Barr v. Chapman, 11 Ohio Dec. Reprint, 862; 30 Ohio L. J. 264. "Where a person leaves one State and takes up his residence in

another, it must be shown that he has been absent and unheard of in the latter place for seven years, to raise the presumption of death." Wright *v.* Jones, 23 N. D. 191 (135 N. W. 1120). For other cases to the same effect see Marquet *v.* Ætna Life Ins. Co., 128 Tenn. 213 (159 S. W. 733, L. R. A. 1915B, 749, notes, Ann. Cas. 1915B, 677), where the Supreme Court of Tennessee held: "To raise a presumption of death of one from seven years' absence, inquiry must be made at the last known domicile of the absentee; and where he has become estranged from his family and removes to a town different from its place of residence, inquiry at the latter place is not sufficient." And see Modern Woodmen *v.* Ghromley, 41 Okla. 532 (139 Pac. 306, L. R. A. 1915B, 728, notes, Ann. Cas. 1915C, 1063).

There is no express statutory provision in this State making absence from the State for seven years the ground of the presumption of death. Some of the States have such statutes, such as Kentucky, Missouri, and West Virginia. Modern Woodmen *v.* Ghromley, supra; 17 C. J. 1170. The only provision in our code with reference to such presumption is as follows: "Other presumptions of law, such as of innocence, and in some cases of guilt, of continuance of life for seven years, of a mental state once proved to exist, and all similar presumptions, may be rebutted by proof." Civil Code (1910), § 5740. There being no statutory provision in this State, therefore, merely making absence from the State the ground of the presumption, the common-law rule must be applied, which is as ruled in *Hansen* v. *Owens,* supra. We conclude from the foregoing that the charge of the court was calculated to mislead the jury into believing that a mere absence for more than seven years from this State, without more, would raise a presumption of the death of the absent son and wife of Jack Price. This error will require a new trial.

3. As the case is returned for another hearing, we express no opinion as to the sufficiency of the evidence to support the verdict.

*Judgment reversed.     All the Justices concur.*