(No. 15680.—Decree affirmed.)
HENRY AMBOS *et al.* Appellants, *vs.* EMMA J. GLOS *et al.*
Appellees.

*Opinion filed December 16, 1924.*

1. REGISTRATION OF TITLE—*when an application does not suffi-ciently state nature of claims.* An application to register title does not sufficiently state the nature of defendants' interests or claims where it merely states that the interest of certain parties was un-der tax deeds and that others had liens as trustees or successors in trust, without giving information as to the nature of the trusts or of the claims under the tax deeds.

2. SAME—*statute requires applicant to state fully the nature of a defendant's claim.* The statute requires an applicant to register title to state the nature of a defendant's claim as fully as is in the power of the applicant, but it is not necessary to state that the claim is void or to give any reason for its invalidity or to pray for any specific relief in regard to it.

3. SAME—*who are necessary parties to application to register title.* All persons having or claiming any estate or interest in the land are required to be made parties to an application to register title, and where trust property is involved both the beneficiaries and the trustees are necessary parties, and their names and ad-dresses, when known, must be stated, and an objection on account of their not being made parties may be taken on appeal.

4. SAME—*applicant must state the name and address of known party defendant.* Paragraph (*j*) of section 11 of the Land Titles act does not authorize the making of interested parties defendant by the term "all whom it may concern," where the names and ad-dresses of such parties may be ascertained by the applicant by dili-gent inquiry.

5. SAME—*what defendants may be included in term "all whom it may concern."* The expression "all whom it may concern," in paragraph (*j*) of section 11 of the Land Titles act, in making par-ties defendant to a proceeding to register title, includes only per-sons not known to have or claim any estate or interest in the land, or persons having some estate, interest or claim whose names are unknown and cannot upon diligent inquiry be ascertained.

6. SAME—*request that application be dismissed without preju-dice should be addressed to circuit court.* Where an application for registration of title must be dismissed for want of necessary par-

ties the request that the dismissal be without prejudice should be made in the circuit court, and where there is nothing in the record to show the making of such request it cannot be made for the first time in the Supreme Court.

APPEAL from the Circuit Court of Cook county; the Hon. GEORGE FRED RUSH, Judge, presiding.

ENOCH J. PRICE, for appellants.

JOHN R. O'CONNOR, ALBEN F. BATES, ALBERT H. GLOS, WALTER A. GLOS, and AUGUST A. TIMKE, for appellees.

J. SCOTT MATTHEWS, for Joseph F. Haas, registrar of titles.

Mr. JUSTICE DUNN delivered the opinion of the court:

Henry Ambos and Martha Ambos, his wife, made application to the circuit court of Cook county for the initial registration of title to lot 301 in a certain subdivision of real estate in that county, claiming that they were the owners of the lot in fee simple as joint tenants, occupying it as their homestead. The petition was answered by some of the defendants, others were defaulted, and the cause was referred to an examiner of titles, who made his report recommending that the application be dismissed. The exceptions of the appellants to the report were overruled and a decree was entered dismissing the application at the petitioners' costs, from which they appealed.

The petition was in the form prescribed by sections 11 and 13 of the Land Titles act. Paragraphs (f,) (g) and (j) of section 11 provide that the petition shall set forth substantially as follows:

"(f). Whether the land is subject to any lien or incumbrance, and, if any, give the nature and amount of the same, and, if recorded, the book and page of record; also give the name and post-office address of each holder thereof.

"(g). Whether any other person has any estate or claims any interest in the land, in law or equity, in posses-

sion, remainder, reversion or expectancy, and·if any, set forth the name and post-office address of every such person and the nature of his estate or claim.

"(*j*). When the place of residence of any person whose residence is required to be given is unknown, it may be so stated if the applicant will also state that upon diligent inquiry he has been unable to ascertain the same. All persons named in the application shall be considered as defendants thereto, and all other persons shall be included and considered as defendants by the term 'all whom it may concern.' "

In compliance with paragraph (*f*) the petition stated: "Liens and incumbrances on the lands are a trust deed from Henry Ambos and Martha Ambos to Henry L. Koch, dated June 1, 1918, and recorded August 2, 1918, securing payment of one note for $2200, due five years after its date, (June 1, 1918,) with interest at six (6%) per cent per annum, payable semi-annually. Said trustee, Henry L. Koch, is deceased. William C. Koch is the successor in trust in said trust deed. Name of owner or holder thereof, Lydia W. Johnson. Post-office address, 3818 North Robey street, Chicago, Ill. Amount of claim, $2200. Recorded as document No. 6369454."

The allegations of the petition in an attempt to comply with paragraph (*g*) were as follows: "Other person, firm or corporation having or claiming any estate, interest or claim, in law or equity, in possession, remainder (reversion) or expectancy in said land, are: (1) Emma J. Glos, address Elmhurst, DuPage county, Ill. (2) Clara G. Bates, address Elmhurst, DuPage county, Ill. (3) Albert H. Glos, address Elmhurst, DuPage county, Ill. (4) Walter A. Glos, personally and as trustee, address Elmhurst, DuPage county, Ill. (5) Mabelle L. Glos, address Elmhurst, DuPage county, Ill. (6) August A. Timke, trustee, address Elmhurst, DuPage county, Ill. (7) Charles E. Wilson, successor in trust, address 3166 Lincoln avenue, Chi-

cago, Ill. (8) A. Engelbracht, address 1011 North Law-
lor avenue, Chicago, Ill. (9) Henry Schmelzle, address
4741 Linder avenue, Chicago, Ill. (10) Henry M. Cohen,
successor in trust, address unknown.

"The interests of said Emma J. Glos, Clara G. Bates,
Albert H. Glos, Walter A. Glos, Mabelle L. Glos and Au-
gust A. Timke, trustees, are under tax deed and are all void·
and invalid. Said defendants, Charles E. Wilson, successor
in trust, Henry M. Cohen, successor in trust, A. Engelbracht
and Henry Schmelzle, claim liens on said premises which
have been paid and the record of which should be canceled
and set aside."

The allegations which relate to the requirements of para-
graph (*j*) were as follows: "That Henry M. Cohen, suc-
cessor in trust, and all whom it may concern, on due in-
quiry cannot be found, so that process cannot be served upon
him, and upon diligent inquiry his place of residence can
not be ascertained; that his last known place of residence
was Chicago, Illinois.

"7th. Other facts connected with said land are, that
there are other persons not named as defendants herein
above who do or may claim some interest in said premises.
All such persons are hereby made defendants to this pro-
ceeding by the name and style of 'all whom it may concern.'"

The examiner found that the land in question was sub-
ject, among other liens and incumbrances, to three trust
deeds: One from Charles Hepp and wife to Henry Beis-
ner, dated September 11, 1899, securing the payment of
one note for $900 due three years after date, with inter-
est at six and one-half per cent per annum, payable semi-
annually; another from Jacob Glos to August A. Timke,
dated November 7, 1917, securing a note for $50,000 pay-
able on or before ten years after date, with interest, which
affected the tax interest of the grantor at the date of the
trust deed; another from Jacob Glos to Walter A. Glos,
dated May 31, 1919, securing a note for $10,000 payable

on or before five years after date, with interest at five per cent per annum, affecting the tax interest of Jacob Glos at the date of the trust deed. The recommendation of the examiner that the application be dismissed was based upon his report that these three trust deeds recorded in the recorder's office of Cook county were not specifically mentioned in the application though they were introduced in evidence, and that the holders or owners of the notes secured by such trust deeds were not made parties to the application, and that on account of the failure to make such holders parties he had refused to receive and consider any evidence tending to show a cancellation of the indebtedness secured by such trust deeds as against such holders and owners who had not been brought within the jurisdiction of the court. The trust deed to Henry L. Koch was not questioned in any way but was admitted in the application to be a lien on the lot.

In partial compliance with the requirements of paragraph (*g*) of section 11 the application set forth the names and post-office addresses of certain persons alleged to have or claim some estate, interest or claim in the land, but it omitted to state the nature of such interests or claims. The allegation that the interests of some of the persons named were under tax deeds conveyed no information as to the nature of their claims, whether as grantees in the tax deeds or remote grantees of the persons receiving the tax deeds, or as incumbrancers by way of mortgage, trust deed or otherwise. The statement that Charles E. Wilson, successor in trust, Henry M. Cohen, successor in trust, A. Engelbracht and Henry Schmelzle claimed liens on said premises which have been paid and the record of which should be canceled and set aside gave no information as to the character of the liens,—whether mechanics' liens, judgment liens, mortgage liens or liens of another character. The application gave no information as to the nature of the trusts which the respective trustees held, whether the trust deeds

were in the nature of mortgages to secure the payment of money or whether they were made for the use of the beneficiaries of the trust in some other form. The statute, in requiring the nature of the claim to be stated, demanded something more than the mere statement, as it is sometimes made, for instance, in bills for the foreclosure of mortgages, where subsequent incumbrancers or purchasers are made parties defendant by the simple allegation that they have or claim some interest, the exact nature or extent of which is unknown to the complainant. In this proceeding the statute required that the nature of the claim should be stated as fully as was in the power of the applicant, though it was not necessary to state that the claim was void, or any reason for its invalidity, or to pray for any specific relief in regard to it.

All persons having or claiming any estate or interest in land are required to be made parties to an application for the registration of the title, and the general rule is that in all suits respecting trust property, whether brought by or against a trustee, the beneficiaries are necessary parties and the objection on account of their not being made parties may be taken on appeal. (*Wilson* v. *Central Trust Co.* 285 Ill. 427; *Dubs* v. *Egli*, 167 id. 514.) The trustee is a necessary party because he holds the legal interest. The beneficiary is a necessary party because he has the equitable and ultimate interest to be affected by the decree. The beneficiaries of the trusts upon which Wilson, Cohen and Timke held, were parties equally as necessary as Wilson, Cohen and Timke, the trustees, and the nature of their estates or claims was required to be stated. In the case of the admitted lien of the trust deed to Henry L. Koch, the application did set forth the name of the holder of the note as well as the name of the trustee and successor in trust.

While paragraph (*g*) required the name and post-office address of every person having any estate or claiming any interest in the land to be stated, paragraph (*j*) provided

that when the place of residence of any person whose residence is required to be given is unknown, it may be so stated if the applicant will also state that upon diligent inquiry he has been unable to ascertain the same. No effort was made to comply with this requirement. There is nothing to indicate that either the names or the places of residence of the beneficiaries in the trust deeds were unknown, or if they were unknown that upon diligent inquiry they could not have been ascertained. They should all have been stated. For aught that appears, the names and addresses of all the beneficiaries in all these trust deeds were well known to the petitioners and they may all have been residents of this State, so that they could have been served personally with process.

The further provision of paragraph (*j*) that all persons named in the application should be considered as defendants thereto and all other persons shall be included and considered as defendants by the term "all whom it may concern," does not justify the making of persons whose names and addresses should be given parties defendant by the term "all whom it may concern." The name as well as the place of residence of every person which the applicant by diligent inquiry may ascertain is required to be stated, and no such person can be made a party to the proceeding by the name of "all whom it may concern," and the expression "all whom it may concern" was not intended and cannot be extended to include parties so required to be named. "All whom it may concern," in proceedings for the initial registration of title, includes only persons not known to have or claim any estate or interest in the land, or persons having some estate, interest or claim whose names are unknown and cannot upon diligent inquiry be ascertained.

The appellants say that the decree should have dismissed the application without prejudice because it did not pass upon the merits of the applicants' title in fee, which the

examiner found was vested in the appellants.   The appellants are not permitted to make this objection for the first time in this court.   There is nothing in the record to show that they asked in the circuit court that the dismissal should be without prejudice, and it was properly dismissed for want of necessary parties.

The decree is affirmed.

*Decree affirmed.*