## SAVAGE *v.* McCARTHY.

No. 6858. JUNE 12, 1929.

*R. D. Feagin* and *Hallie B. Bell*, for plaintiff in error.
*S. W. Hatcher*, contra.

Hill, J. Charlie McCarthy brought ejectment against John Savage, to recover a lot of land fifty by one hundred feet, being the east half of lots 17 and 18 of block 33 of the subdivision of the Woolfolk lands according to the Dubois survey as per plat duly recorded. The grounds relied on for recovery by the plaintiff were prescriptive title based on twenty years adverse possession of the land, and prior possession. McCarthy claimed the land by reason of the following facts: that Jim Austin went into possession of the land together with lot 20 of the same subdivision, in 1896, claiming to have purchased the land from Ben L. Jones; that Austin fenced and cultivated the land sued for, which was back of his residence on lot 20, for a number of years, then rented it several years until, on August 31, 1911, he sold it to Ella McCarthy, giving her a bond for title, and, on August 15, 1918, delivering her a deed; that in both the bond for title and in the deed he attempted to describe a lot 50 by 200 feet fronting on Woolfolk Street, which would include both lot 20 and the land sued for directly behind it; that on June 4, 1921, Ella McCarthy made a deed to her husband, Charlie McCarthy, the plaintiff, attempting to convey the same tract 50 by 200 feet fronting on Woolfolk Street; that while the description in all these conveyances is not complete or capable of being made so by aliunde proof, except the last one, the plaintiff and his predecessors in title beginning with Austin have remained in open, notorious, continuous, actual, adverse, quiet, and peaceable possession of lot 20 and the lots sued for until plaintiff was forcibly ejected from the land on April 2, 1927. Plaintiff also claimed by reason of prior possession. The defendant claimed the land by reason of purchase from Ben L. Jones, receiving from Jones a bond for title attested by an unofficial witness. On the trial the judge ruled out of evidence the bond for title, because the attesting witness was not produced. The jury returned a verdict for the plaintiff. The defendant made a motion for new trial, which was overruled, and he excepted.

■ The defendant contends that under the evidence the plaintiff failed to show prescriptive title in himself as to the land sued for; that since the plaintiff had no paper title, but relied entirely on a prescriptive title of actual possession for twenty years, the evidence must disclose an actual, continuous, unbroken, and adverse possession of the particular land for a period of twenty years;

and that the evidence wholly failed to do this. Without going into details and setting out the evidence at length, we are of the opinion, after reviewing the same, that it was sufficient to authorize the jury to find that the plaintiff and those under whom he holds were in actual, adverse possession of the lands sued for for twenty years prior to the taking possession of it by the defendant.

■ It is complained that the court erred in excluding from evidence, on motion of the plaintiff, a certain bond for title from Ben L. Jones to John Savage, dated July 1, 1908, and recorded September 7, 1923, in the clerk's office of Bibb superior court. The bond was signed by Ben L. Jones, and was witnessed by J. W. Strong, and contracted to convey to John Savage lots 17 and 18 in block 33 of the DuBois survey of the Thomas Woolfolk lands in the County of Bibb. The defendant testified that he knew Ben L. Jones's signature and saw him sign the bond for title; and that the signature to the bond for title was that of Ben L. Jones; that he also knew the subscribing witness, J. W. Strong; "that he supposed Strong was dead, as he had not seen him for a great many years; that he did not know he was dead, but that he could find out if he could find Mr. Reynolds at the Manchester Mills." The court, on objection of the plaintiff, excluded the bond for title from evidence. The defendant contends that its exclusion is cause for a new trial; that it was admissible both as showing color of title in the defendant and for the purpose of showing his good faith in connection with his possession of the land. We are of the opinion that the court did not err in excluding the bond for title from evidence. The Civil Code (1910), § 4213 (Acts 1900, p. 68), provides that "bonds for title to land or any interest therein shall, when executed with the formality now prescribed for the execution of deeds to land, be admissible to record in the county where the property therein described is located." This bond for title was not executed in conformity to the law so declared, and was therefore not admissible in evidence as a properly executed and recorded bond for title; neither was the subscribing witness produced to prove its execution, nor was his absence satisfactorily accounted for. See, in this connection, Ga. L. 1921, pp. 157, 158; *Coody* v. *Gress Lumber Co.,* 82 *Ga.* 793 (3) (10 S. E. 218); 9 Park's Code Supp. 1922, § 4191(a); Michie's Code, § 4213(1); Powell on Actions for Land, 354, § 279; *Kimbrell* v. *Thomas,* 139

*Ga.* 146 (2) (76 S. E. 1024) ; *Rudolph* v. *Brown,* 150 *Ga.* 147 (2) (103 S. E. 251).

 Headnotes 3 and 4 require no elaboration.

*Judgment affirmed. All the Justices concur.*