COUEY *et al. v.* TALALAH ESTATES CORPORATION.

No. 11397. NOVEMBER 27, 1936.

*M. B. Eubanks,* for plaintiffs in error. *Barry Wright,* contra.

BELL, Justice. On February 22, 1936, Talalah Estates Corporation filed a petition to enjoin B. F. Couey and his three sons, A. R. Couey, and Clifford and Webb Couey, from cutting and removing timber from stated lots of land alleged to be the property of petitioner. The petition alleged that the defendants had been removing timber from this land for some time, and were continuing to do so; that these continued acts of the defendants were destroying the value of the land; and that the damage would be · irreparable unless enjoined. The plaintiff also alleged that it had already sustained damage in the sum of $2000, and prayed judgment for that sum. By an amendment, it was averred that the plaintiff's title to the land was registered on October 18, 1918, under the land-registration act of 1917, as shown by an attached copy of certificate of registered title. The petition as amended further alleged that "practically the only thing of value" on the land was the timber growing thereon, and that because the land was "slaty and shaly" it could be used only for the purpose of growing ·timber.

The defendants, after demurring both generally and specially to the plaintiff's petition, filed an answer in which the allegations as to the cutting and removal of the timber were admitted, but in which B. F. Couey asserted that he was the owner of the land in question, and that the other three defendants were merely his employees, with no other interest in the property. The plaintiff's averment as to the amount of the damage was denied. In support of his alleged claim of title, B. F. Couey, referred to hereafter as the defendant, asserted that he was the grantee in a warranty deed from one N. C. Landers, dated May 8, 1904, conveying the tracts of land in question, and that "thereafter said B. F. Couey went into possession of said lands as the owner thereof, and in 1918 fenced said land with a wire fence around said four lots, and began using the same as a pasture, has kept the same under fence for eighteen years, and has the same under fence at the present time; and that his possession has been continuous, notorious, adverse to all claims, and peaceable." Before the execution of such deed, Landers himself was in possession. The de-

fendant attacked the plaintiff's alleged certificate of registered title as null and void, upon the following grounds: (a) No service of the petition to register title was ever made upon B. F. Couey or any other person. (b) Couey was the owner of the adjoining lands on the east, and the law required service of the petition on him, which was not made. (c) He was in actual possession of the *land in question,* and for this reason service of the petition should have been made upon him. (d) "The process issued in said case was void, in that it was not directed against any person or persons and only directed to whom it may concern." (e) "That no defendant was named in said petition, as required by law." (f) "Notices of said proceeding were not posted on said lands as required by law." (g) "That B. F. Couey never having been served with petition and process, and no notices being posted on said land, and he having no notice whatever of the pendency of said proceeding, never had his day in court, nor any opportunity to set up his defense in said case." (h) "That the preliminary report by the examiner required by § 60-302 was never filed by the examiner." He further alleged that he was in adverse possession of the land in question at the time of and prior to the registration proceedings, and that he has now acquired additional title by prescription by possession under color of title for a period of eighteen years; that neither the plaintiff nor any person under whom the plaintiff claimed title ever had possession of the land, and that no other person besides B. F. Couey has had possession of the said land since 1904; and upon these facts he claimed title by adverse possession. The answer also contained a prayer that the court vacate and set aside the decree of title granted October 18, 1918, claimed as a decree under the registration act. The defendant further alleged that the plaintiff corporation was guilty of fraud in the procurement of the registered title, in that R. F. Perry, its president, knew at the time the petition for registration was filed that the defendant had fenced and was in possession of the lots of land in question and was claiming them as his own, and yet failed "purposely and fraudulently" to name the defendant as a party defendant in the petition, in order to prevent the defendant from being served with said petition and process and to prevent him from appearing and contesting said proceeding; also, that although the plaintiff knew

that the defendant was an "adjoining owner" at the time of the registration proceedings, he was not named as such in the plaintiff's application, and that he had no notice or knowledge of the title registration proceedings until shortly before the present suit was instituted.

The plaintiff demurred on the following grounds: (1) The answer does not allege any valid defense to the plaintiff's action. (2) The defendant is attempting to assert title by prescription, contrary to the provisions of the land-registration act. (3) He is attempting to set aside a judgment registering a land title after more than seven years, contrary to the provisions of said act. (4) He is attacking the return of the sheriff, without making him a party. And (5) because the defendant failed to set out a copy of the alleged warranty deed from Landers to himself, and did not state whether or not the deed was recorded. At interlocutory' hearing, after overruling defendant's demurrer to the petition, the judge sustained the plaintiff's demurrer and struck the defendant's answer, excluded proffered affidavits in support of the answer, and granted an injunction. The defendants excepted to these rulings.

■ The first question for determination is whether the petition contained sufficient allegations to authorize the grant of an injunction. We are of the opinion that this question should be answered in the affirmative. Although it was not alleged that the defendants were insolvent, the allegations of the petition as to continuing trespasses and irreparable damage were sufficient to state a cause of action for injunctive relief. Code, § 55-104; *Gray Lumber Co.* v. *Gaskin,* 122 *Ga.* 342 (7, 8) (50 S. E. 164); *Huxford* v. *Southern Pine Co.,* 124 *Ga.* 181 (2) (52 S. E. 439); *Hart* v. *Lewis,* 126 *Ga.* 439 (55 S. E. 189); *Kimbrell* v. *Thomas,* 139 *Ga.* 146 (76 S. E. 1024); *Moore* v. *Daugherly,* 146 *Ga.* 176 (91 S. E. 14); *McRae* v. *Smith,* 164 *Ga.* 23 (5) (137 S. E. 390). After amendment the petition was not subject to demurrer upon any of the grounds taken, either general or special. Compare *Neal Lumber & Mfg. Co.* v. *O'Neal,* 175 *Ga.* 883 (166 S. E. 647).

■ The more important question is whether or not the defendant B. F. Couey is bound by the registration decree, dated October 18, 1918, whereby the plaintiff was adjudged to be the owner of the land in question, and under which a certificate of title was

issued accordingly. The pertinent facts alleged in the answer with reference to the defendant's title are that the defendant acquired the property on May 8, 1904, by a warranty deed from one N. C. Landers, who formerly held possession of the land; that immediately "thereafter said B. F. Couey went into possession of said lands as the owner thereof;" that in 1918, before the institution of the registration proceedings, he fenced the land with a wire fence; that no one other than he has had possession since 1904; and that his possession of the premises has been "continuous, notorious, adverse to all claims, and peaceable." These allegations, which are more fully stated in the answer, were sufficient to withstand a general demurrer, in view of the settled rule that possession is presumptive evidence of ownership, and will be protected until a better title is shown (Code, § 33-102; *Coleman & Burden Co.* v. *Rice,* 105 *Ga.* 163, 31 S. E. 424; *Jackson* v. *Strickland,* 127 *Ga.* 106, 56 S. E. 107; *Russell* v. *Morris,* 134 *Ga.* 65, 67 S. E. 404),—provided the defendant is not concluded by the registration proceeding. The defendant attacked the registration decree, on the ground that it was void because he was not a party thereto; and because the court did not have jurisdiction, for lack of service upon him. This is in effect the defense made, as will be seen from the following summary of the allegations: The president of the plaintiff corporation knew, at the time the petition for registration was filed, that the defendant had fenced and was in possession of the land under a claim of title, and yet did not name the defendant as a party defendant in that proceeding. The defendant was the owner of "adjoining land," but was not named as such in the petition for registration, and was not served as such, although his ownership and possession of this land were also known to the president of the plaintiff corporation. The defendant never had any actual knowledge or notice of the registration proceedings until a short time before the instant suit was filed.

The sufficiency of the answer depends mainly upon a construction of the land-registration act (Ga. L. 1917, p. 108), codified as title 60 of the Code of 1933. One of the contentions of the plaintiff is that the defense alleged in the answer is barred by the provision of this statute to the effect that "No proceedings to attack or to set aside any transaction for such fraud or such for-

gery as is referred to in this section shall be brought or be entertained by any court, unless the same shall have been brought within seven years from the date of the transaction or of the registration to which the same relates." Code, § 60-419. We can not agree with this contention. The act includes the following requirements for a petition for registration: "The petition, and amendments thereto, shall be signed and sworn to by each petitioner, or, in the case of a corporation, by some officer thereof, or, in the case of a person under disability, by the person filing the petition. It shall contain a full description of the land and its valuation and its last assessment for county taxation; shall show when, how, and from whom it was acquired, a description of the title by which he claims the land, and an abstract of title, and shall state whether or not it is occupied; and *shall give an account of all known liens, interests, and claims, adverse or otherwise, vested or contingent. Full names and addresses, if known, of all persons that may be interested in any wise, including adjoining owners and occupants, shall be given* [italics ours]." Code, § 60-207. "The petition shall include as defendants all persons who by the petition are disclosed to have any interest, equity, or claim adverse to the petitioner or otherwise, vested or contingent, upon said land or any interest therein, and shall also include as defendants all other persons 'whom it may concern.'" § 60-205. "Upon the petition being filed in the office of the clerk of the superior court in the county where the land lies, the clerk shall issue a process directed to the sheriffs, . . requiring all of the defendants named in the petition and all other persons 'whom it may concern' to show cause before the court . . why the prayers of the petition should not be granted, and why the court should not proceed to judgment in such cause; and shall make the necessary copies of the petition and process for service. Within 30 days from the time of the issuance of process, a copy of the petition and process shall be served, in like manner as ordinary process is served in ordinary actions at law, upon each party named as a defendant in the original petition, if a resident of this State." § 60-209. Briefly stated, it is required by these sections: (a) That the petitioner shall set forth in his petition "all known liens, interests, and claims, adverse or otherwise, vested or contingent," and that the "full names and addresses, if known, of all

persons that may be interested in any wise, including adjoining owners or occupants, shall be given." (b) Those named in the petition under the above requirement are defendants in the action. (c) Service of the petition on resident defendants is required as in ordinary actions at law.

Under the record, B. F. Couey was a known claimant, in possession of the land which the plaintiff sought to have registered, and was also an adjoining landowner, but was not named in the petition as either. This fact is sufficient to render the decree of registration void as to this defendant, and it may be attacked by him in a suit between him and the holder of the certificate of title. This is true although the act provides that proceedings thereunder "shall be proceedings in rem against the land, and the decree of the court shall operate directly on the land." Code, § 60-202. This court has said: "A proceeding under the land-registration act is, by the express words of section 4 thereof, a proceeding in rem. A judgment in rem is conclusive upon everybody. Civil Code (1910), § 5967." *Rock Run Iron Co.* v. *Miller,* 156 *Ga.* 136 (118 S. E. 670). But due process of law is required even in a proceeding in rem, and we are here dealing with a statutory proceeding in rem, as to which due process must be determined by the requirements of the particular statute. While the statute declares that the proceedings "shall be proceedings in rem against the land, and the decree . . shall operate directly on the land," it is apparent that the sole object of the law was to provide a new method for the adjudication of title *as between persons;* and however the proceedings and the decree may be designated by mere names and terms of description, the provisions of the act must be complied with as to parties, service, and notice, before the judgment can be treated as conclusive within the purview of the statute, since it is only upon prescribed conditions that the decree shall vest and establish title as contemplated thereby. Compare *Elliott* v. *Adams,* 173 *Ga.* 312 (2, 3) (160 S. E. 336). Since the defendant was a known claimant of the land which the plaintiff sought to have registered and was in possession thereof at the time the proceedings were instituted, the statute required that he be named as a party defendant; and since he was not named and served as such, he was not bound by the decree rendered in such proceedings. This identical question has not

heretofore been decided by this court, but several other courts have adopted this view as to similar questions arising under land-registration acts.

Section 12 of the California land-registration law, like the Georgia statute, requires personal service on occupants. In Follette v. Pacific L. &c. Cor., 189 Cal. 193, 203 (208 Pac. 295, 299, 23 A. L. R. 965), the Supreme Court of that State, in considering this section, said: "To adopt a construction of said law which would permit a petitioner thereunder to imperil or destroy the vested rights and interests of the occupants of the property by the simple process of omitting their names as parties to such proceedings, and by so doing obtain jurisdiction by a mere publication of notice and without that personal service of process which the law designates as to those whose names are required to be set forth in said petition, would be a manifest injustice and would work a departure from those constitutional principles which are as old as magna charta, and which guarantee to the owners of vested interests in property that they shall not be deprived of these without due process of law." In Moakley v. Los Angeles Pac. Ry. Co., 99 Cal. App. 74 (277 Pac. 883), where the owner of an adverse interest was not named in the petition for registration and the required notice was not served, although the abstract of the petitioner disclosed the adverse interest, it was held that the holder of such adverse interest was not bound by the decree, since he had no notice of such proceedings. The court said: "The notice in question is the process by the service of which the court acquires jurisdiction of the parties to whom it is directed. It serves the same purpose as a summons in an ordinary civil action. No one would contend that jurisdiction of the person of a known defendant can be acquired by publication of a summons in which his name does not appear." In Kirk v. Mullen, 100 Or. 563 (197 Pac. 300), the Supreme Court of Oregon, in a suit to have registration proceedings set aside for failure of defendants to make the plaintiff a party to the proceedings, the court, after stating that "under the record," as a matter of law, defendants had notice that the plaintiff had a valid and existing claim upon the premises, said: "Plaintiff was obviously the person whose claims the defendants were seeking to bar. Knowing this, they should have seen that plaintiff, who resided in their neighborhood,

was served with summons; and the conclusion is irresistible that the statement in the application that 'there are no other persons whosoever who have or claim to have any interest or estate in said real property, either in law or equity, in possession, remainder, reversion, or expectancy,' was made with the intent to avoid personal service of summons upon defendant. A decree so surreptitiously obtained is void."

In Sheaff v. Spindler, 339 Ill. 540 (171 N. E. 632), the facts were similar to those of the present case. There the application to register the title alleged that the premises were vacant and unoccupied, when as a matter of fact they were occupied at the time the application was filed. The occupant and its predecessors in title had at that time been in possession of the premises for more than nineteen years under a valid title of record; and such possession was known to the applicant. The occupant was not made a party to the proceedings for registration, and no notice of any kind was given to it. After more than ten years had elapsed from the date of the decree of registration, the occupant filed a bill in equity to remove the cloud upon its title caused by said decree. The Illinois statute requires that the application for the registration of land shall set forth, among other things, whether the land is occupied or unoccupied, and, if occupied by any person other than the applicant, the name and post-office address of such occupant, and what estate or interest he has or claims in the land, and whether any other person has or claims any interest in the land, in law or equity, in possession, remainder, reversion, or expectancy, and, if any, shall state the name and post-office address of every such person and the nature of his estate or claim. The court, after stating that persons required to be named in the petition under the above provisions could not be made parties to a petition by adding as parties "all whom it may concern," held that the decree, having been rendered without complying with the statutory requirement in regard to notice to the known claimant, was void as to such claimant. In the opinion it was said: "It is an elemental principle of law, for which the citation of authorities is superfluous, that no adjudication of a court which may deprive a person of his liberty or property is of any validity against him unless it has been rendered with due process of law, which requires notice and an opportunity to be

heard. In proceedings strictly in rem the seizure of the res and the exhibition of the warrant to those in charge may be sufficient, but in proceedings quasi in rem authorized by statute, and in proceedings in personam, the notice given must be that required by statute, whether personal service of summons, publication of notice, or other form of substituted service."

It is argued for the plaintiff that the registration decree is conclusive as to the defendant, in view of the following provision in regard to registration: "Every decree rendered as herein provided shall bind the land and bar all persons claiming title thereto or interest therein, quiet the title thereto, and shall be forever binding and conclusive upon and against all persons, including the State of Georgia, whether mentioned by name in the order of publication, or included under the general description, 'whom it may concern.'" Code, § 60-223. Other sections which might appear on first impression to constitute barriers to the attack made by the defendant may be mentioned as follows: "After judgment the entry of service by the sheriff or his deputy shall be conclusive evidence and shall not be subject to traverse, nor shall any acknowledgment of service be subject to traverse. The recital of service of process and of the giving and publishing of notices, contained in the decree or final judgment in the cause, shall be conclusive evidence that such service, publication, and notice have been legally given: Provided, however, that nothing herein shall prevent any person aggrieved from having his right of action against any sheriff who shall make a false return of service, or against any clerk or examiner who shall falsely attest a waiver or acknowledgment of service, or any clerk who shall fail to publish the notice or to mail the notice as required by this title." § 60-213. "Any person entitled to notice and who had no actual notice of any registration under this title by which he may be deprived of any estate or interest in land, and who is without remedy hereunder, may, within two years next after the time at which the right to bring such action shall have first accrued to him, or to some person through whom he claims, bring an action against the treasurer of the State, in the superior court in the county where such land is located, for the recovery, out of the assurance fund, of any damages to which he may be entitled by reason of any such deprivation." § 60-704. None of these three sections can be

construed as applying to a case like the present. It appears from the defendant's answer that he was not a party to the registration proceedings, and that he was not served in any of the modes prescribed by the statute. In the light of the constitutional principle of due process, and of the presumption against legislative intention to violate it, the fair and reasonable interpretation of these sections is that they do not apply to a person who was not a party to the registration proceedings and as to whom there was no sort of compliance with the statute as to service or notice. The words "whom it may concern" were not sufficient to make the defendant a party, since the statute as applied to the facts required that he as a known claimant be expressly named and made a party defendant in the proceeding. See, in this connection, Ambos *v.* Glos, 314 Ill. 438 (145 N. E. 639); Riley *v.* Pearson, 120 Minn. 210 (139 N. W. 361, L. R. A. 1916D, 7).

We need not classify the defense made in this case as being either a direct or collateral attack upon the decree of registration. Suffice it to say that the judgment is not binding as to one who was not made a party thereto, and as against whom there is no ground for estoppel. No estoppel appears in this case. This statement will apply not only to the final decree but also to any order or recital as to service. If the defendant was not a party, he had no opportunity to object to such order or recital, or to be heard thereon. Nor was the entry of service binding upon this defendant in a suit to which he was not a party, and under the facts alleged in the answer a traverse of the entry was unnecessary. The defendant did not attack any portion of the statute as unconstitutional and we do not decide any question as to its constitutionality. What we do hold is that the statute does not apply to a person occupying the situation stated in the defendant's answer, and that under his allegations the decree of registration and the certificate issued thereon were not binding upon him.

■ There was no merit in any of the grounds of the demurrer filed by the plaintiff, and the court erred in sustaining this demurrer and striking the defendant's answer. The further proceedings were nugatory.

*Judgment reversed. All the Justices concur.*