No. 35.—ELIJAH MATTOX, plaintiff in error, vs. M. J. BRY-AN, defendant in error.

[1.] When a verdict is strongly and decidedly against the weight of evidence, much more when it is *without* evidence, will a new trial be granted.

Ejectment, in Clinch Superior Court. Tried before Judge Love, June Term, 1855.

This action was brought by Elijah Mattox, against M. J. Bryan, for the recovery of lots 574 and 575, in 13th district of Appling County, originally. On the trial, he offered in evidence grants from the State to him, to the lots aforesaid, and the following testimony:

LUCIUS C. MATTOX: Proved that he knew lots Nos. 574 and 575, and that he knew that they were in the 13th district of Clinch County; that he knows that the defendant was certainly in the possession of the southern part of one, to-wit: No. 575; and he believed that he was in possession of the southern part of No. 574; he could not say precisely how much he was in possession, but he thought about one hundred acres; that he had traced and found the southern line of both lots, and found the corner. The stations and lines were distinctly marked, and corresponded with the lines on the plots of the grants; and he knows that the defendant was in possession of a portion of the said lots when this suit was instituted and served on him. In tracing the lines, witness saw marks on trees considerably to the north of the southern line of the grants, and it might have been a line; but witness does not know what line. I am son of plaintiff, and the lines were seen by my father, as testified by me. He was not county surveyor.

JOHN J. MATTOX: Proved that he had traced the lines around both the lots, and found them to correspond to the lines of the plots; witness found the southern corners, and traced the southern line through both lots, and knows that defendant is in possession of the southern portion of said lots;

thinks about one hundred acres, and was in possession when this suit was instituted and served; knows that both lots are in Clinch County, and in the 13th district; witness found no other station on the southern line of the lots, but the corner stations. I am son of the plaintiff.

ISHAM F. JOHNSON: Proved that he assisted the plaintiff in running the southern lines of both lots, and found the corners and the southern lines of both lots, and found them to correspond to the lines of the plots to the grants. The lines were distinctly to be seen. Both lots are in Clinch County. Witness saw no station tree, in tracing the lines. I am brother-in-law to plaintiff.

The plaintiff here closed, and the defendant introduced ROBERT BROWN, who proved that he was the surveyor of Columbia County, Florida, and that he surveyed for the defendant the northern line of Florida, as run by the United States surveyor, Hodson, and found that the possessions of the defendant was about three hundred yards south of that line; he had a plot of his survey, which was read in evidence to the Jury. He said that the northern line of his plot was the Florida and Georgia line, as claimed by Florida, and that defendant's possessions were below that line. He said he knew nothing about the lines of the plots to the grants, whether they were above or below his line; nor did he know whether the defendant was or not in possession of any of the land included within the said grants.

JOSEPH FLETCHER: Proved that he was with Mr. Brown when he made his survey, and that the line, as marked by him, is the line that is considered the Florida line by the citizens of Florida; and that defendant's possessions are about three hundred yards to the south of that line. He said that he knew nothing about the lines of the plots attached to the grants, and did not know whether the defendant was or not in possession of any of the land included in said grants. He knew nothing about the plaintiff's land.

JOSIAH D. CLINTON: Proved that he was present at the survey by Mr. Brown, and that the defendant's possession

Mattox *vs.* Bryan.

was about three hundred yards to the south of the Florida and Georgia line, as run by Mr. Brown; he said he knew nothing about the lines to plaintiff's grants, and did not know whether the defendant was in possession of any of the land included within said grants or not. Knew nothing about plaintiff's land. Brown, Clinton and Fletcher each swore that they did not see any line running across the line surveyed by Brown, though they did not examine for any such lines. Brown found the corners of the fraction and township survey of Florida, as made by Hodson.

JAMES T. DAGGET: Proved that he was present when the survey was made by Brown, and that the possessions of the defendant were about three hundred yards to the south of the line as run by Mr. Brown for the Florida and Georgia line. He said he knew nothing about the lines of the lots, as marked in the plots of the plaintiff's grants, and did not know whether the defendant was or not in possession of any of the lands included in said grants.

To the introduction of all the defendant's evidence, and before it was introduced, the plaintiff objected, on the grounds that it was incompetent and irrelevant to the issue, but the Court over-ruled the objections, and plaintiff excepted.

The Jury returned a verdict for the defendant; whereupon, Counsel for the plaintiff moved for a new trial, on the following grounds:

1st. Because the Jury found contrary to the evidence, and without evidence, against the evidence, and decidedly and strongly against the weight of the evidence.

2d. Because the Jury found contrary to law and contrary to the charge of the Court.

3d. Because the Court erred in permitting the defendant to go into evidence as to the Florida and Georgia line, as surveyed by Hodson, under the authority of the United States, and as re-surveyed by Robert Brown for the defendant; which motion was over-ruled by the Court, and Counsel for the plaintiff excepted.

On these exceptions, error was assigned.

COLE, for plaintiff in error.

L. STEPHENS, representing T. T. LONG, for defendant.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] There are but two questions in this case: 1st. Was
the testimony on the part of the defendant relevent to the is-
sue? And secondly. *With* that testimony, was not the ver-
dict strongly and decidedly against the evidence; and exclu-
ding that testimony, wholly without proof?

1. The issue to be tried was, whether the grants from the
State of Georgia to Elijah Mattox, the plaintiff, to lots Nos.
574 and 575, in the 13th district of originally Appling, now
Clinch County, covered the premises in dispute, to-wit: The
possession of M. J. Bryan, the defendant? The proof in
behalf of the plaintiff ·showed conclusively that they did.
And what was the rebutting testimony offered by the defend-
ant? He introduced sundry witnesses, who swore, and no
doubt truly, that the possession of Mr. Bryan was about
three hundred yards south of the *northern* line of Florida,
as run by the United States' surveyor. But whether the
lines of the Georgia grants extended beyond this boundary,
and embraced the possession of the defendant, neither Mr.
Brown, Mr. Fletcher, Mr. Clinton or Mr. Daggett could
state. In other words, and this seems to have been the whole
drift of the proof, these witnesses made it manifest that the
*locus in quo* was in Columbia County, Florida, provided
Hodson's be the true boundary line between the two States.
And this is all that the evidence of the defendant did estab-
lish.

It is apparent, therefore, that it was wholly immaterial and
inapplicable to the case made by the pleadings, and should
have been rejected. The only question submitted to the Ju-
ry was, not which was the true boundary line which separ-
ates this State from her southern sister, (a point to be settled.

only by the Supreme Court of the United States, and now pending before that tribunal,) but the only fact to be found was, had Mr. Bryan trespassed upon the land covered by the Georgia grants? We repeat, that every witness. examined. on the part of the defendant, expressly disclaimed having: any knowledge upon this subject.

2. On the other side, the proof is positive, accumulative, unimpeached, and, as we have seen, uncontradicted. Lucius. C. and John J. Mattox, sons of the plaintiff, and Isham F.. Johnson, his brother-in-law, traced the lines of the grants and found them distinctly marked and corresponding with the lines as marked in the plots. They found the defendant to be in possession of about one hundred acres of the southern portion of the two lots.

Upon the proof, there could be but one legal·finding. And. the verdict being entirely without evidence to support it, a, new trial should have been granted.