## MARTIN *v.* PATTILLO.

EVANS, J. 1. Where, after processioners have duly made out and certified a plat as required by law, a protest to their action is filed by an adjoining landowner and the same is returned to the superior court, where a verdict is rendered sustaining the return of the processioners, and such return is made the judgment of the court, the judgment unappealed from is conclusive as against the protestant and his privies in title. *Howland* v. *Brown*, 92 *Ga.* 513.

2. After such judgment, the true line between the coterminous proprietors is that marked by the processioners, and any invasion thereafter across. the line thus established and upon the land, of the adjacent owner by the protestant in the processioning proceeding would amount to a trespass.

3. If repeated acts of wrong are done or threatened, so as to make the trespass a continuous one, they may be repressed in equity by injunction.

4. There was no error in the allowance and rejection of evidence, and the. court did not abuse its discretion in granting the injunction.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*

Submitted July 16,—Decided August 9, 1906.

Injunction. Before Judge Reagan. Henry superior court. May 12, 1906.

Upon the application of Pattillo the line around his land was run and marked by processioners. To their return Martin filed a protest on the ground that they, instead of following the real line dividing his land from that of Pattillo, had run a new line so as to put about one and a half acres of his land on Patillo's side of the line so run. Upon the trial of the issue thus made a jury found in favor of Pattillo, and judgment in his favor was entered, which has not been reversed or set aside. Martin disregarded the processioners' return, and repeatedly entered on the one and a half acres, tearing down a fence built by Patillo, cutting and removing timber, etc. An injunction was granted, restraining him from further trespassing; and he excepted, contending that the court erred in admitting in evidence the record of the processioning proceedings, over his objection that it was not a muniment of title and did not show possession; and in not allowing him and other witnesses to testify to the length of time and character of his possession of the land in dispute; and in granting the injunction, which operated as a writ of possession and a mandatory order, when the plantiff had an ample and adequate remedy at law by action of ejectment.

*E. M. Smith* and *Brown & Brown,* for plaintiff in error.
*George W. Bryan,* contra.