## STOVALL *v.* CAVERLY.

1. The specific grounds of a general demurrer may be amplified by an amendment which states them more fully, at a term subsequent to the appearance term.

2. A judgment sustaining the return of processioners on an issue made by a coterminous landowner as to the location of a division line concludes the protestant from disputing the line marked out by the processioners as the true line, and any invasion thereafter across the line thus established, and upon the land of the adjacent owner, by the protestant, would amount to a trespass. If the trespasses be continuous, they may be restrained by injunction.

3. A litigant who suffers an adverse judgment, and who in open defiance of the judgment continues to annoy and harass his adversary respecting the subject-matter of the litigation included in the judgment, is acting in bad faith. In a suit to enjoin further interference with the rights of the successful party to the judgment, attorney's fees may be re-

covered under the Civil Code, § 4392. However, counsel fees incurred in procuring the original judgment are not to be included.

4. Under the allegations of the petition, punitive damages, under the Civil Code, § 4504, are not recoverable.

JANUARY 16, 1913.

Equitable petition. Before Judge Ellis. Fulton superior court. January 17, 1912.

*J. W. Austin* and *J. D. Kilpatrick,* for plaintiff.

*Hines & Jordan,* for defendant.

EVANS, P. J. Stovall and Caverly owned adjoining tracts of land, and the division line was in dispute. Stovall applied to have his land processioned and the lines marked out. The processioners located the line as claimed by Stovall, and Caverly caveated their return. The trial resulted adversely to Caverly, and a judgment was duly entered upon the verdict. Thereafter Caverly continuously and persistently trespasses on the land which was found to be included in the Stovall tract by the processioners' return, and which is in the possession of Stovall, and persistently digs up and cultivates the land. Stovall filed a petition to enjoin further trespass. The petition contained two counts, one praying damages for the trespasses and for attorney's fees in establishing the true line and preventing the defendant from further trespassing on the land. The second count prayed punitive damages, on the ground that the foregoing facts constitute aggravating circumstances within the meaning of the Civil Code, §§ 4503, 4504. The court dismissed the petition on demurrer, and the plaintiff excepted.

1. The first complaint is that the court permitted the demurrer to be amended at a term subsequent to the appearance term. The amendment was but an amplification of the grounds of the general demurrer. Though a general demurrer may not be amended at a subsequent term by adding thereto grounds of special demurrer (*City Council of Augusta* v. *Lombard,* 101 *Ga.* 724, 28 S. E. 994), yet the grounds of a general demurrer may be amplified by a more specific statement of the alleged defects in the pleading.

2. The general scope of the petition falls within the ruling announced in *Marlin* v. *Paltillo,* 126 *Ga.* 436 (55 S. E. 240). It was there decided that a judgment sustaining the processioners' return, on an issue made by a coterminous landowner as to the location of a division line, concludes the protestant from disputing the line marked out by the processioners as the true line, and any invasion

thereafter across the line thus established and upon the land of the adjacent owner by the protestant would amount to a trespass; and that if the trespasses be continuous, they may be repressed in equity.

3. The plaintiff alleged: "In persistently and continuously trespassing upon said land, the defendant has acted in bad faith. The defendant has also been stubbornly litigious touching said land line, and has put your petitioner to an expense of more than $500 for attorney's fees, and for other necessary legitimate expenses in establishing said true land line, and in his efforts to prevent the defendant from trespassing upon tract 'D' after the lines had been duly established." The defendant specially demurred to this paragraph of the petition, on the ground that no facts are set forth showing that the defendant has acted in bad faith, that the defendant has been stubbornly litigious, or what necessary expenses in establishing the true line, or what efforts the plaintiff has made to prevent the defendant from trespassing on the disputed strip of land. The allegation as to the bad faith of the defendant must be taken in connection with the other allegations of the petition. It requires no argument to demonstrate that a litigant who suffers an adverse judgment, and who in open defiance of the court's decree continues to annoy and harass his adversary respecting the subject-matter of the litigation, is not acting in good faith. According to the petition the plaintiff is in possession of the land, and the court has adjudged his possession lawful, so far as the defendant is concerned. Notwithstanding he is estopped by the solemn judgment of the court, the defendant continues to harass the plaintiff by repeatedly going on his land, digging it up and cultivating it. These are the allegations of the petition which are admitted by the demurrer to be true, and we do think further specification as to bad faith was necessary.

The plaintiff is not entitled to recover attorney's fees expended in the trial of the processioning case. Until the judgment was rendered the matter was in dispute, and each litigant should bear his own counsel fees. But the matter is different where a defendant in bad faith and in defiance of the court's judgment forces the plaintiff to go to the expense of employing counsel in an equity proceeding in order that his rights under the judgment be not disturbed or taken away. The code declares that: "The expenses of litigation are not generally allowed as a part of the damages;

but if the defendant has acted in bad faith, or has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, the jury may allow them." § 4392. Expenses of litigation do not fall under the head of punitive or vindictive damages under our code, but they stand by themselves. *Mosely* v. *Sanders, 76 Ga.* 293. The plaintiff alleges a persistent interference with his possession of the land and his rights under the judgment by the defendant, rendering it necessary for him to incur the expense of counsel to require the defendant to desist. Under such circumstances attorney's fees are recoverable by virtue of the section of the code above quoted. The other grounds of this special demurrer were not well taken.

4. In his second count the plaintiff alleges that his entire injury is to his peace, happiness, and feelings, within the meaning of Civil Code, § 4504, for that the rental value of the small piece of land is unappreciable, and that the defendant persistently continues and threatens to continue to go upon the land, well knowing that he has no right or title thereto. The injury complained of is not a personal tort, but an injury to property; and the case presented by the petition is not one where the entire injury is to the peace, happiness, and feelings of the plaintiff. The special demurrer to this paragraph (43) was properly sustained.

*Judgment reversed. All the Justices concur.*