CAVERLY *v.* STOVALL.

1. A lot of land having for its boundary a land-lot line which is also a divisional line between counties, is not, on account of such coincidence, excluded from the operation of the statute relating to the processioning of land.

2. An owner of land applied to the land processioners of DeKalb county to trace and mark anew the lines around his land, which was described as being situated in that county. The processioners made a return locating the lines, one of which was a land-lot line. The land-lot line was also the line between the counties of DeKalb and Fulton. An owner of adjacent land protested the location of the line, which was the land-lot line; and the issue formed by his protest was adjudicated against him in the superior court of DeKalb county. Subsequently the

45

line between the counties of DeKalb and Fulton was located under the Civil Code (1910), §§ 472 et seq., and as so located by the public authorities it was coincident with the line contended for by the protestant. *Held*, that the action of the public authorities in locating the county line did not nullify the judgment of the superior court of DeKalb county, fixing the boundary line between the coterminous owners, notwithstanding the county line as located by the public authorities included the land between the lines contended for by the parties in that litigation in the county of DeKalb.

3. There was no error in directing the verdict.

JULY 14, 1915.

Equitable petition. Before Judge Ellis. Fulton superior court. September 10, 1913.

*Hines & Jordan* and *L. Z. Rosser*, for plaintiff in error.

*James W. Austin* and *Young H. Fraser*, contra.

EVANS, P. J. The county of Fulton was created in part from territory which lay in DeKalb county. Lot 239 of land district 18 is in DeKalb county, and lot 10 of land district 17 is in Fulton county. S. C. Stovall is the owner of a tract of land on the eastern side of lot 10, and C. E. Caverly owns a tract on the western side of lot 239; the dividing line between the two landowners being the line between these two land lots, which is also the county line. Stovall applied to the land processioners of DeKalb county to have the lines of his land marked and established; and this was done. Caverly protested the location of the line between Stovall and himself; and that issue was tried in the superior court of DeKalb county, and a verdict adverse to Caverly was returned. Upon this verdict a judgment was duly entered up. The line claimed by Caverly runs parallel with and thirteen feet east of the line which the processioners established. Subsequently to the judgment in the processioning case Stovall filed a petition against Caverly, to enjoin him against trespassing on this thirteen-foot strip of land. Caverly, amongst other things, pleaded that the judgment in the processioning case was void, because the statute relating to the location of lines by processioners does not apply to the location of a boundary line which is also a county line; and, further, because since the judgment in the processioning case the line had been located pursuant to the statute for defining uncertain lines between counties, and, as located, the strip of land lies in Fulton county, and the superior court of DeKalb county was without jurisdiction of the subject-matter.

1. We do not think that the statute prescribing a method for the remarking of lines around an owner's land by processioners (Civil Code of 1910, § 3817 et seq.) is excluded from applying to a tract of land having a county line as one of its boundaries. The scope and purpose of the statute is to settle disputed or uncertain lines between coterminous landowners. A line located pursuant to the statute is binding on the landowners, but not on the State or the counties. The inquiry about the county line, which is also the divisional line between the coterminous landowners, is only incidental to the ascertainment of the latter. Processioners can not change county lines, any more than they can mark new lines for the parties. But the isolated circumstance that a lot of land has for one of its boundaries a land-lot line, which land-lot line is also a divisional line between counties, will not exclude it from the operation of our processioning laws. *Bowen* v. *Jackson,* 101 *Ga.* 817 (29 S. E. 40).

2. The statute provides that wherever the boundary line between two or more counties shall be in dispute and the grand jury of either county shall present that the same requires to be marked out and defined, it shall be the duty of the clerk of the superior court, in the county where such presentment is made, to certify the same to the Governor. The Governor shall appoint a surveyor to mark out and define the disputed boundary line, and return the survey, with a plat, to the office of the Secretary of State. If no protest or exceptions to the survey or plat are filed, such survey and plat are recorded by the Secretary of State, and the same shall be final and conclusive as to the boundary line in dispute. Civil Code (1910), § 472 et seq. Pursuant to this section the line between lot 239 of land district 18 in DeKalb county and lot 10 of land district 17 in Fulton county was surveyed and the line marked out and defined, and a survey and plat were duly recorded in the office of the Secretary of State. It is insisted that the location of the county line between these two land lots, under this statute, rendered the prior judgment in the superior court of DeKalb county in the processioning case null and void, on account of want of jurisdiction of the subject-matter. The application of Stovall to trace and mark anew the lines around his tract described the land as lying in the county of DeKalb. The processioners located this line as being the boundary of land situated in DeKalb county. Caverly, who

owned the adjacent land in Fulton county, filed his protest to the line located by the processioners as the western boundary line of Stovall and the eastern boundary of his land. The issue formed by the protest was adjudicated against the protestant. That adjudication bound the protestant that the land was located within the limits of DeKalb county. It concluded the protestant from disputing the line marked out by the processioners as being the true dividing line between himself and Stovall. *Stovall* v. *Caverly,* 139 *Ga.* 243 (77 S. E. 29). The subsequent delineation of the county line was in the exercise of a political function, to make clear an uncertain boundary of a political subdivision. · *Early County* v. *Baker County,* 137 *Ga.* 126 (72 S. E. 905). It would be giving this statute a too far-sweeping effect, and perhaps one which would exceed the bounds of the constitutional protection of private rights, to hold that where a judgment of a court, having jurisdiction of the parties and the subject-matter, adjudicates and fixes a divisional line between the parties, such judgment is nullified because the calls of the deeds of the parties are coincident with a county line subsequently located by the public authorities at a different place. Certainly the superior court of DeKalb county had jurisdiction of Stovall's land, alleged to be within its limits; and the issue adjudicated was not the location of the boundary line between the counties, but the location of the boundary line between the lands of two private citizens. Cf. *Mattox* v. *Bryan,* 19 *Ga.* 157, 160.

3. Under the undisputed evidence the defendant was committing continuous acts of trespass upon this small strip of land, which was included in the Stovall tract by the judgment of the court. Where a judgment has been rendered sustaining the processioners' return on an issue made by a coterminous landowner as to the location of the division line, the contestant is thereafter concluded from disputing the line marked out by the processioners as the true line, and any invasion across the line thus established and upon the land of the adjacent owner by the protestant amounts to a trespass, and if these trespasses be continuous they will be repressed in equity. *Martin* v. *Pattillo,* 126 *Ga.* 436 (55 S. E. 240). There was no error in directing a verdict for a permanent injunction against such trespass.

*Judgment affirmed. All the Justices concur.*