*J. S. Ayers,* contra.

---

CARTLEDGE *et al.* v. ASHFORD.

GILBERT, J. 1. Where a husband and wife were in possession as joint owners of a life-estate in land, and due notice was served on the wife alone, by the owner of adjoining lands, of his intention to have the lines between the respective lands marked by processioners under the Civil Code (1910), §§ 3818 et seq., and on the appointed day the processioners proceeded to locate the line, and the husband, who was without due notice, was present and protested against the legality of the proceeding and afterwards the wife filed a protest to the return of the appraisers as provided in the Civil Code (1910), § 3823, and on the trial of the issue in the superior court made by the objection to the returns the husband was present and testified as a witness, both will be bound by the judgment. By the terms of section 3823 of the Civil Code the husband, if dissatisfied, could have filed his protest or intervened on the trial of the issue formed by the protest of the wife.

2. Thereafter, on a petition filed by a successor in title of such adjoining-land owner, alleging a continuous trespass on the part of the husband and wife and threats of bodily injury on the part of the husband, where the evidence without conflict demanded the finding, the court did not err in directing a verdict for the plaintiff granting a permanent injunction against the defendants. *Caverly* v. *Stovall,* 143 *Ga.* 705 (3), 708 (85 S. E. 844).

*Judgment affirmed. All the Justices concur, except*

FISH, C. J., and ATKINSON, J., who dissent and cite *Brady* v. *Brady,* 71 *Ga.* 71 (3a); *Carmichael* v. *Jordan,* 131 *Ga.* 514 (62 S. E. 810).

No. 2691. FEBRUARY 16, 1922.

Equitable petition. Before Judge Hammond. Richmond superior court. May 9, 1921.

*Isaac S. Peebles, Jr.,* for plaintiffs in error.
*Pierce Brothers* and *John W. Barnhill,* contra.