## DURRENCE *et al. v.* GROOVER.

1. If repeated acts of wrong are done or threatened, so as to make the trespass a continuous one, they may be repressed in equity by injunction.

2. The recital of facts as the basis of the motion for a new trial is not proof in itself of the existence of those facts. And where there is an assignment of error upon the admission of testimony because of certain defects in the proof, the ground of the motion should contain a distinct allegation that the defects enumerated actually existed, and not merely recite that the evidence was objected to upon the ground that those defects existed.

3. The testimony of the plaintiff, who claimed to own land extending to a certain line, that his predecessor in title had pointed out to the plaintiff this land line and said that he (the plaintiff's predecessor in title) owned to that line, was objectionable on the ground that it was hearsay as to the defendants.

4. Joint, and inferably concerted, acts are sufficiently alleged to show that the acts of trespass done and threatened were jointly committed and threatened.

5. The allegation in the petition that the defendants "did within the last few days, and during the year 1923, up to date," commit certain acts of trespass, is sufficiently definite as to the time at which the alleged acts of trespass occurred to withstand a special demurrer raising the point that the petition fails to shows when the trespass complained of was committed.

6. This is a suit for injunction, but not for damages, there being no prayer to recover damages. But the instruction of the court upon the subject of damages will not be cause for reversal, as it was harmless in view of the fact that the plaintiff wrote off the entire amount recovered as damages.

7. Error is assigned upon the following charge of the court: "Of course, if it is a single trespass, just one act of trespass, without any threat or purpose to continue, why then you wouldn't be authorized to find an injunction; but if under all the facts and circumstances of the case there is the threat to continue, or if the damages would be irreparable, if the cutting and removing the timber was irreparable, why then he would be entitled to an injunction." This charge was error because under it the jury were authorized to find in favor of the injunction prayed, "if the cutting and removing of the timber was irreparable." While the court, in this particular excerpt from the charge excepted to, probably had in mind the threatened continuous acts of trespass, nevertheless the language actually used was calculated

to mislead the jury and cause them to infer from the instructions that they would be authorized to find in favor of the injunction for the past and completed acts of trespass, whereas they would only have been authorized to find in favor of the injunction in case the actual acts of trespass were established and there were threatened acts of continuous trespass.

8. The court charged the jury in part as follows: "As I said a while ago, if you find that there had been, by Mr. Simon Waters, her husband [the former husband of Mrs. Durrence], acquiescence of a line established across there, and that agreement had existed for seven years and the parties claimed under that right, why that would make the dividing line." This charge was error, because it authorized the jury to find that a married woman, the defendant in this case, would be bound by the acquiescence upon the part of her husband in a certain line claimed to have been established, and by his agreement as to that line, in the absence of proof that the husband was the duly appointed agent of his wife and had authority to bind her by his acts with reference to the line.

No. 4741. JULY 14, 1925.

Equitable petition. Before Judge Sheppard. Tattnall superior court. January 6, 1925.

*J. T. Grice,* for plaintiffs in error.

*W. T. Burkhalter,* contra.

BECK, P. J.　S. M. Groover brought his equitable petition against Eugenia Durrence and her son, Henry Durrence, and alleged that the defendants "did within the last few days, and during the year 1923, up to date, unlawfully enter upon certain lands of petitioner [describing them] and cut and carry away six or more large pine trees of the value of thirty dollars, and threaten to continue to cut and carry away more of the timber of petitioner from off of his land; . . that the acts of the defendants jointly and severally, in cutting and carrying away the timber of petitioner, and their continued threatened purpose so to do, constitute irreparable damages, for which this court is fully authorized to enjoin them." It is alleged that it is impossible to "estimate the actual value of the timber in dollars and cents, after the defendants have cut and carried away, or even while they are cutting and carrying away;" that the damages "done and threatened to be done are irreparable." The prayers are that the court grant an injunction restraining the defendants, jointly and severally, from doing any of the acts therein complained of, and for process.

The defendants demurred and answered. In the answer defendants set up title in themselves to the lands upon which the

timber was cut, and denied that they entered upon petitioner's land or cut any trees therefrom. They demurred upon the ground that the petition fails to show that petitioner is entitled to any equitable relief; that the petition fails to show any joint action upon the part of the defendants committing the alleged trespass, and fails to show when the alleged trespass occurred; and upon the further ground that the petition fails to show wherein the trespass or alleged trespass constitutes irreparable damages. The court overruled the demurrer. Upon the trial the jury returned a verdict finding in favor of the injunction prayed, and awarded damages in the amount of $15. The defendants made a motion for a new trial, which was overruled, and they excepted.

1. We are of the opinion that the court properly overruled the general demurrer. It has been ruled that where there are repeated acts of wrong done or threatened, so as to make the trespass a continuous one, equity will grant an injunction to prevent and repress the continuous trespass. *Martin* v. *Pattillo,* 126 *Ga.* 436 (55 S. E. 240) ; *Moore* v. *Daugherty,* 146 *Ga.* 176 (91 S. E. 14) ; *Wall* v. *Mercer,* 119 *Ga.* 346 (46 S. E. 420) ; *Stewart* v. *Davis-Sears Lumber Co.,* 132 *Ga.* 205 (63 S. E. 817) ; *Loudermilk* v. *Martin,* 130 *Ga.* 525 (61 S. E. 122).

2. The first three grounds of the motion for a new trial are the usual general grounds. The fourth ground is as follows: "Because on the trial of said case the court allowed the plaintiff to introduce in evidence a plat of some land, purporting to be made by Josiah Kennedy August 27, 1897, as shown by exhibit 'A.' ] fendants objected to the admission of same, on the grounds, as they contend, that it had not been recorded, proved as correct by any one, or proved to have been made from the notes of the surveyor by any one, or identified by any one as illustrating any issue in this case; and hence was irrelevant, immaterial, and illegal, as none of the parties to this case or any of their predecessors in title had anything to do with the making of said plat. But the court overruled defendants' objections then and there made." This ground of the motion recites the facts upon which the objection to the evidence was based, but there is not a distinct and direct allegation that the facts enumerated actually existed, and the assignment of error presents no question for decision by this court. For the mere recital of facts as the basis of the motion for a new

trial is not proof in itself of the existence of those facts. *Owens v. Groves,* 145 *Ga.* 287 (88 S. E. 964).

3. In the fifth ground of the motion for a new trial error is assigned upon the ruling of the court in allowing the plaintiff to testify that his predecessor in title had pointed out to him a land line, stating that he (the predecessor in title) owned to that line; the line pointed out being the one to which the plaintiff claims that his land extends. The court erred in admitting this testimony over the objection that "it was hearsay as to the defendants." The evidence was open to the objection made.

5-8. The rulings made in headnotes 5, 6, 7, and 8 require no elaboration. As the case is remanded for a new trial, no ruling is made upon those grounds of the motion relating to the sufficiency of the evidence. *Judgment reversed. All the Justices concur.*

RUSSELL, C. J., concurring specially. I assent to the rulings in the 1st, 4th, 5th, 6th, 7th, 8th headnotes, and consequently concur in the judgment of reversal. But I do not agree to the ruling announced in the second headnote. I dissent therefrom, because the enforcement of such a rule would in many instances diminish a litigant's right of appeal and review, and could possibly in some case debar the right of review altogether, by reason of the refusal of the trial judge to approve the statement contained in a ground of a motion for new trial that certain defects "actually" existed. It must be presumed that a trial judge would refuse to certify, if he was of the opinion that the testimony which was objected to upon the ground of defects specified in the objection was legally admissible, and for that reason overruled the objection; for otherwise the testimony would have been rejected. In my opinion the ruling in the second headnote and corresponding division of the opinion would confer upon the trial court the functions of this court as to rulings upon the admissibility of such evidence as is therein referred to.