## SANDERS *v.* JONES.

GILBERT, J. Sanders sued to enjoin Mrs. Jones "from trespassing upon or interfering with your petitioner in the use of that portion of his land which is described in paragraph 7 of this petition, by maintaining a fence or otherwise," and for general relief. He alleged that Mrs. Jones had formerly brought suit against him to recover .065 of an acre of land, for establishment of a dividing line between their respective lands, and for injunction to prevent him from trespassing on said minute tract of land; that, because "of the trivial nature of the claims made," he had refused to defend and had filed a disclaimer, and Mrs. Jones had taken judgment as she had prayed, the pleadings in her suit being attached to the present suit; that Mrs. Jones, however, had not abided by said decree, but had erected a wire fence as a dividing line that "included .62 of an acre of petitioner's land," which he described; that this act of hers was in disregard of the judgment the court had awarded her, and was a continuing trespass on petitioner, who was unable to cultivate or terrace said .62 of an acre because she had fenced it off from his other lands; that the amount of damage was impossible of calculation in the nature of the case; and that to undertake to enforce his rights by a legal action would result in a multiplicity of suits.

Equity, 21 C. J. p. 526, n. 63.
Injunctions, 32 C. J. p. 319, n. 31; p. 343, n. 37.
Judgments, 33 C. J. p. 1148, n. 3.
Pleading, 31 Cyc. p. 418, n. 60; p. 439, n. 66.

Mrs. Jones demurred generally, and before the court ruled thereon Sanders offered an amendment substituting for the prayer for interlocutory injunction a prayer that the court cause to be ascertained and marked the dividing line already decreed, in order to remove any uncertainty due to insufficient description in said former decree, and adding a prayer that he recover from Mrs. Jones said .62 of an acre as described in his petition. After having the case under advisement, the judge passed an order disallowing the amendment and dismissing the petition, to which rulings Sanders excepted as being contrary to law. *Held*:

1. The original petition set out a cause of action.
2. The amendment striking the prayer for "interlocutory injunction" and substituting the prayer for judicial location of the line was germane, and it was error to disallow it.
3. The amendment did not remove from the petition the prayer for permanent injunction.
4. Addition by amendment of the prayer for recovery of the tract of land sued for was not adding a new and distinct cause of action. The prayer for general relief in the original petition was sufficient of itself to carry the issue to the jury, and, if supported by preponderance of the evidence, to authorize the relief prayed in the amendment. "Under a general prayer in an equity case, the plaintiff may have such relief as is consistent with and entirely within the scope of the pleadings.' *Broderick* v. *Reid*, 164 *Ga.* 474 (2) (139 S. E. 18).
5. The court erred in dismissing the amended petition on general demurrer. *Ellison* v. *Georgia Railroad Co.*, 87 *Ga.* 691 (13 S. E. 809); *City of Columbus* v. *Anglin*, 120 *Ga.* 785 (48 S. E. 318); *Strachan* v. *Hazlip*, 161 *Ga.* 480, 482 (131 S. E. 283).

*Judgment reversed. All the Justices concur.*

No. 6403.   MARCH 15, 1928.

Equitable petition. Before Judge Park. Putnam superior court. November 21, 1927.

*Meriwether F. Adams,* for plaintiff.

*S. T. Wingfield* and *R. C. Jenkins,* for defendant.