CITY OF BLUE RIDGE *v.* KIKER.

JENKINS, Justice. 1. Ordinarily a court of equity will not interfere to prevent a mere trespass, but as a general rule will leave the injured party to his legal remedy. If, however, there be anything special in the case which renders the remedy at law inadequate or incomplete, such as, for example, when the nature of the alleged injury makes it impossible to prove the damage which would result from the trespass (*Justices of Pike County* v. *Griffin &c. R. Co.,* 11 *Ga.* 246 (2), 250; Code, § 55-104), or when the injury complained of is such as to constitute a continuous trespass, such acts may be repressed by an injunction. *Martin* v. *Pattillo,* 126 *Ga.* 436 (3) (55 S. E. 240); *Stovall* v. *Caverly,* 139 *Ga.* 243 (2), 244 (77 S. E. 29); *Durrence* v. *Groover,* 160 *Ga.* 680, 682 (129 S. E. 29), and cit. See *Town of Rentz* v. *Roach,* 154 *Ga.* 491 (5) (115 S. E. 94), and cit.

2. The fact that the court may have adjudicated in a previous suit between the parties to this case that the emptying of the city sewage upon the petitioner's land constitutes a continuing nuisance (*City of Blue Ridge* v. *Kiker,* 189 *Ga.* 717, 7 S. E. 2d, 237), does not authorize the municipality to enter upon his land, over his protest and without having acquired the right to do so either by contract or condemnation proceedings, for

the purpose of extending the line of sewer-pipe under the ground of the premises involved, so that the sewage might be emptied upon adjacent premises acquired by the municipality for that purpose. *Board of County Commissioners* v. *Humphrey*, 47 *Ga.* 565, 567. Even though it be true, as contended by the municipality, that the act now complained of may be in pursuance of its design to rectify what has been previously adjudged to be a continuing nuisance, such rectification must be done at its own cost and without an unauthorized use of or additional injury to petitioner's property. This is true regardless of any question which might become involved as to whether the proposed plan for sewage disposal would of itself amount, in its future operation, to a continuing nuisance.

3. Under the foregoing rulings, the court did not err in overruling the general demurrer to the petition. Nor did the court err in overruling the special demurrers on the grounds of duplicity and misjoinder of causes of action, in that the petition sought to enjoin the alleged new plan of the city for sewage disposal both as a trespass upon the land and as a nuisance, since there could be no such misjoinder where the prayers did not seek any adjudication on the question of nuisance, but merely sought to enjoin the city from committing a trespass by entering upon the premises in the manner indicated. Nor was there merit in the special demurrers attacking the relevancy of averments relating to the location and value of the premises, and setting forth the threatened damage which the petitioner would suffer by a consummation of the proposed plan of sewerage extension, since these allegations were proper for the purpose of showing the nature and character of the damages and the impossibility of calculating their amount, and for the purpose of showing that the trespass would be a continuing one, such as would make proper a recourse to a court of equity.

4. Under the preceding holdings, the proof made by the sworn pleadings, and the admissions of the parties at the interlocutory hearing, the court did not err in continuing in force the restraining order which had been previously granted.    *Judgment affirmed. All the Justices concur.*

No. 13220. MAY 14, 1940.

*T. H. Crawford, William Butt,* and *George D. Anderson,* for plaintiff in error.

*Allison S. Prince, A. H. Burtz,* and *John S. Wood,* contra.