MILLER *v.* STEWART.

CANDLER, Justice. B. S. Miller filed a petition for injunction in Marion County Superior Court against Mrs. Helen Stewart, in which he alleged that "he owns lot-of land No. 15 of the subdivision of the Ruskin Farm Property as per plat of same duly recorded in said county in Deed Book X, page 595, said lot fronting 225 feet on State Highway No. 41;" that the defendant owns no part of this land, but over his objection is building a fence on and around the same. By amendment he alleged that the uncompleted fence prevents ingress and egress to that part of his land which lies east of the vacant lot from State Highway No. 41. The prayers were for injunction to restrain the defendant from proceeding with the erection of the fence and from committing a trespass, and to enjoin the obstruction to his right of ingress and egress. The case is here for review on exceptions to a judgment sustaining a general demurrer and dismissing the petition. *Held:*

1. A petition to enjoin an alleged trespass on realty, which fails to describe the land involved with that degree of certainty that will establish the identity of the land is insufficient, and will be dismissed on general demurrer. *Laurens County Board of Education* v. *Stanley,* 187 *Ga.* 389 (200 S. E. 294). But if the description contained in the petition furnishes a definite key whereby the identity of the land may be made certain by extrinsic proof, it is sufficient. *King* v. *Brice,* 145 *Ga.* 65 (88 S. E. 960) ; *Boney* v. *Cheshire,* 147 *Ga.* 30 (92 S. E. 636). The allegations of the instant petition were sufficient to furnish a key to the identity of the land involved.

2. Ordinarily a court of equity will not interfere to prevent a mere trespass, but as a general rule will leave the injured party to his legal remedy. If, however, there be anything special in the case which renders the remedy at law inadequate or incomplete, such as, for example, when the injury complained of is such as to constitute a continuous trespass, such acts may be repressed by an injunction. *Martin* v. *Pattillo,* 126 *Ga.* 436 (3) (55 S. E. 240); *Stovall* v. *Caverly,* 139 *Ga.* 243 (2), 244 (77 S. E. 29); *Durrence* v. *Groover,* 160 *Ga.* 680, 682 (129 S. E. 29); *City of Blue Ridge* v. *Kiker,* 190 *Ga.* 206 (9 S. E. 2d, 253). The erection of a fence on and around the land of another so as to obstruct ingress and egress, as alleged in the instant case, is such a continuing trespass as will be enjoined. *Sanders* v. *Jones,* 166 *Ga.* 186 (142 S. E. 680); *Lenoir* v. *Hamlin,* 174 *Ga.* 793 (164 S. E. 201); *Lockwood* v. *Daniel,* 193 *Ga.* 122 (17 S. E. 2d, 542).

*Judgment reversed. All the Justices concur.*

No. 15729. APRIL 16, 1947.

*Dykes & Dykes,* for plaintiff.

*J. M. Rogers* and *W. E. Zachary,* for defendant.