GAINESVILLE MIDLAND RAILROAD COMPANY *v.* TYNER *et al.*

No. 16351.   October 11, 1948.   Rehearing denied November 18, 1948.

*Dunlap & Dunlap* and *William P. Whelchel,* for plaintiff in error.

*Perry S. Oliver* and *Johnson & Johnson,* contra.

CANDLER, Justice. (After stating the foregoing facts.) ■ There is no merit in the contention that the court erred in overruling the general demurrer. The allegations of the petition were sufficient not only to show a trespass, but a continuing one, on the plaintiffs' land, and this being true the case comes within the rule that equity will, by injunction, repress a continuous trespass. *Wall* v. *Mercer,* 119 *Ga.* 346 (46 S. E. 420); *Martin* v. *Pattillo,* 126 *Ga.* 436 (55 S. E. 240); *Loudermilk* v. *Martin,* 130 *Ga.* 525 (61 S. E. 122); *Moore* v. *Daugherty,* 146 *Ga.* 176 (91 S. E. 14); *Durrence* v. *Groover,* 160 *Ga.* 680, 682 (129 S. E. 29).

■ Ground six of the amended motion for new trial complains as to the refusal of the trial judge to admit in evidence a deed from Henry Clark to Gainesville, Jefferson & Southern Railroad Company, upon which the defendant relied for title. That the deed was void for want of sufficient description to identify the land which the grantor intended to convey, was the only objection made to its introduction. The deed, captioned "State of Georgia, County of Hall," and dated June 22, 1880, contains the following description: "All the land contained within one hundred feet in width on each side of its track, or roadbed (measured from the center) of any portion of the lot of land hereinafter described through which said railroad may be constructed. The land hereby conveyed being my entire plantation consisting of various lots and parts of lots lying on the surveyed road or route with all of the privileges and immunities."

It is well settled by the decisions of this court that a deed is sufficient to pass title, and will not be declared void for uncertainty of description, if the descriptive averments contained therein are certain, or if they afford a key by which the land can be definitely located by the aid of extrinsic evidence. *Swint* v. *Swint,* 147 *Ga.* 467 (2) (94 S. E. 571); *Price* v. *Gross,* 148 *Ga.* 137 (2), 138 (96 S. E. 4); *Prudential Insurance Co.* v. *Hill,* 170 *Ga.* 600 (2) (153 S. E. 516); *Blumberg* v. *Nathan,* 190 *Ga.* 64 (8

S. E. 2d, 374) ; *Deaton* v. *Swanson,* 196 *Ga.* 833 (28 S. E. 2d, 126).
"The test as to the sufficiency of the description of property
contained in a deed is whether or not it discloses with sufficient
certainty what the intention of the grantor was with respect to
the quantity and location of the land therein referred to, so that
its identification is practicable. *Andrews* v. *Murphy,* 12 *Ga.* 431."
*Mull* v. *Allen,* 202 *Ga.* 176, 179 (42 S. E. 2d, 360). It is earnestly
insisted in the present case that the deed neither describes the
property conveyed with certainty, nor furnishes a key whereby
its identity may be ascertained by the aid of competent parol
evidence. Obviously, the first is true, but to the latter we do not
agree. From the caption of the deed under attack it will be pre-
sumed that the land which the grantor intended to convey is
located in Hall County, Georgia. *Horton* v. *Murden,* 117 *Ga.*
72 (3) (43 S. E. 786). From common knowledge and general
public information it is judicially known that the roadbed and
tracks of Gainesville Midland Railroad Company, successor to
Gainesville, Jefferson & Southern Railroad Company, begin at
Gainesville, in Hall County, and run south in that county to
the point where they enter Jackson County, Georgia. *Watson* v.
*Richmond & Danville Railroad Co.,* 91 *Ga.* 222 (3) 226 (18 S. E.
306) ; Code, § 38-112. The deed in question expressly states that
it was the grantor's intention to convey that right of way 100
feet in width on each side of its track or roadbed which had been
surveyed by the grantee through the grantor's plantation.   Ap-
plying this information as furnished by the deed as a key, the
land conveyed thereby may be identified with required certainty
by proof that the grantor Clark, at the time of this conveyance,
had but one plantation in Hall County south of Gainesville,
Georgia, through which Gainesville, Jefferson & Southern Rail-
road Company had surveyed a right of way. Since the deed
itself undoubtedly furnished a key for determining what land
the grantor intended to convey, it was erroneous to exclude it
from evidence on the objection made.

■ On motion the court ruled out of evidence the entire testi-
mony of C. L. Newton (a witness for the defendant), who in
substance testified: that the right of way of Gainesville Mid-
land Railroad goes through land formerly known as the Henry
Clark plantation; that the company had been using its right of

way, without change, for sixty-five years by running its trains over it; that the place where Mr. Clark lived and died was known as the Henry Clark plantation; and that he never knew of any other Henry Clark plantation in Hall County. In view of our ruling in the preceding division, this testimony was relevant and material, and the court erred in excluding it.

■ Headnote 4 requires no elaboration.

*Judgment reversed. All the Justices concur, except Bell, J., absent on account of illness.*