EDENFIELD *v.* LANIER.

No. 16931. MARCH 14, 1950. REHEARING DENIED MARCH 27, 1950.

*Alfred Herrington* and *Hugh R. Kimbrough,* for plaintiff.

*Anderson & Trapnell,* for defendant.

ATKINSON, Presiding Justice. (After stating the foregoing facts.) A controlling question· is whether or not the judgment in the processioning proceeding is a bar to the ejectment suit as a matter of law. A verdict and judgment under Code § 85-1601 et seq., in a processioning proceeding, in which an adjoining land-owner files a protest, is conclusive on the parties and their privies in title. *Howland* v. *Brown,* 92 *Ga.* 513 (17 S. E. 806); *Martin* v. *Pattillo,* 126 *Ga.* 436 (1) (55 S. E. 240); *Stovall* v. *Caverly,* 139 *Ga.* 243 (2) (77 S. E. 29); *Caverly* v. *Stovall,* 143 *Ga.* 705 (2) (85 S. E. 844); *Chambers* v. *Netherland,* 145 *Ga.* 52 (1-a) (88 S. E. 545).

However, the Code, § 110-501, declares: "A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue, or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered, until such judgment shall be reversed or set aside"; and counsel for the plaintiff in error insist that the present ejectment suit is for a different cause of action, and therefore the judgment in the processioning proceeding, which adjudicated the question as to boundary only *(Byrd* v. *McLucas,* 194 *Ga.* 40, 20 S. E. 2d, 597; *Edenfield* v. *Lanier,* 203 *Ga.* 348, 46 S. E. 2d, 582), is not res judicata.

Ordinarily, where an action in ejectment is between cotermi-nous landowners, both of whom derive title from a common grantor, and where it appears that the only question is whether the lands sued for lie within the boundaries of the plaintiff's land or within the boundaries of the adjacent land of the defendant, the essential question, in determining title to the land in dispute, is one of boundary. *Barfield* v. *Birrick,* 151 *Ga.* 618 (1) (108 S. E. 43); *Peeples* v. *Rudulph,* 153 *Ga.* 17 (4) (111 S.

E. 548); *Smith* v. *Bailey*, 183 *Ga.* 869 (2) (189 S. E. 905); *Crawford* v. *Cook*, 204 *Ga.* 654 (1) (51 S. E. 2d, 422).

Applying the above principles of law to the facts of the present ejectment suit, where the only conflict under the allegations of the petition was whether the lands sued for lie within the boundaries of the plaintiff's land or within the boundaries of the adjacent land of the defendant, the essential question, in determining title to the land in dispute in the ejectment suit involved boundary only. Accordingly, the judgment in the processioning proceeding was res judicata; and under the admission of the plaintiff that the lands in dispute lie between lands of the defendant and the line established by the processioners, the trial court did not err in directing a verdict in favor of the defendant.

*Judgment affirmed. All the Justices concur.*