18783.  SHOCKLEY *v.* GARNER *et al.*

ARGUED NOVEMBER 8, 1954—DECIDED JANUARY 10, 1955.

272

*Gross & Smith,* for plaintiff in error.

*McClure & Ramsay, George L. Goode,* contra.

HEAD, Justice. The only allegations in the petition which might give a court of equity jurisdiction to grant an injunction were that the defendant was insolvent, and that the petitioner would be irreparably injured. No evidence was produced at the interlocutory hearing to support either allegation.

"On the question of irreparable damage in a suit for injunction to prevent trespass upon realty, the sworn allegations of the petition may be considered as evidence at the interlocutory hearing." *Atlantic Coast Line R. Co.* v. *Gunn,* 185 *Ga.* 108, 111 (194 S. E. 365). The allegation of irreparable injury in the present petition was a mere conclusion, since no facts were alleged to show irreparable injury. *Washington Seminary* v. *Bass.* 192 *Ga.* 808, 816 (16 S. E. 2d 565). Such conclusion in the petition would be insufficient, standing alone, to authorize the trial judge to grant an interlocutory injunction.

An allegation that the defendant is insolvent is an assertion of an ultimate fact, and not a legal conclusion. *Schneider* v.

*Smith,* 189 *Ga.* 704, 706 (5) (7 S. E. 2d 76). Mrs. Marks, who was made a party defendant in the action, in her verified answer, asserted that she was the owner of the property, had sold the building to the defendant Garner, and that she was solvent. Since any damages which the petitioner might ultimately recover would be against the owner of the property who had sold the building, the trial judge did not abuse his discretion in deciding the issue of insolvency, made alone by the pleadings, in favor of the defendants.

The trial court did not err in refusing to grant an interlocutory injunction. Code § 55-104; *Putney* v. *Bright,* 106 *Ga.* 199 (32 S. E. 107); *Huguley* v. *Holmes,* 127 *Ga.* 202 (56 S. E. 298).

*Judgment affirmed. All the Justices concur.*