20271. REEVES *v.* DuVAL *et al.*

MOBLEY, Justice. The exception is to the judgment of the Superior Court of Floyd County, overruling a general demurrer to the plaintiffs' petition seeking to enjoin the defendant from interfering with a fence and other monuments, mounds, and

boundaries on the land line between their property and to enjoin his interfering with possession of land of the plaintiffs. The material allegations of the petition are: that plaintiff DuVal purchased his tract of land in 1942, at which time there was a distinct boundary line between his property and defendant's property, said boundary being composed in part by a fence and in part by a barrier made of raised dirt, rock levies, and a ditch; that this boundary line had been recognized by plaintiff DuVal's predecessors in title since 1873 and prior thereto; that "a short time ago" the defendant cut down and removed the fence dividing the plaintiff's property from the defendant's property and plowed over on a portion of plaintiff's property; that, on or about August 1, 1958, plaintiff DuVal placed a fence on a portion of the original line between his property and the defendant's property; that, on August 11, 1958, plaintiff DuVal was notified by the defendant's attorney that, ". . . unless he removed said fence within three (3) days, the fence would be removed"; that the fence is on the dividing line between the property of the parties to this suit, and is not on the property of the defendant; and that any interference with the fence by the defendant will cause plaintiffs "considerable harm, inconvenience, and damage incapable of computing." *Held:*

1. "Under the broad powers conferred by article 6, section 4, paragraph 8 of the Constitution of 1945 (Code § 2-3908), judges of the superior courts, on reasonable notice to the parties, may hear, determine, and enter final judgment on demurrers in vacation, at chambers, at interlocutory hearings, or at any time, whether before or after the appearance day of any case." *Reardon* v. *Bland,* 206 *Ga.* 633 (1) (58 S. E. 2d 377). Accordingly, the trial court was authorized to enter final judgment on the general demurrer on the date set for the interlocutory hearing.

2. "Equity will not interfere to restrain a trespass, unless the injury shall be irreparable in damages, or the trespasser shall be insolvent, or there shall exist other circumstances which, in the discretion of the court, render the interposition of the writ necessary and proper, among which shall be the avoidance of circuity and multiplicity of actions." Code § 55-104. There is no allegation that the defendant is insolvent. The allegations that the defendant tore down a boundary line fence and plowed across the boundary line and on plain-

tiff DuVal's property allege mere trespasses which have already occurred. Equity will not enjoin the doing of that which has already been done. *Shurley* v. *Black*, 156 *Ga.* 683, 684 (2a) (119 S. E. 618); *Simmons* v. *Lindsay*, 144 *Ga.* 845 (2) (88 S. E. 199); *Hapeville-Block, Inc.* v. *Walker*, 204 *Ga.* 462, 464 (50 S. E. 2d 9). Neither will equity enjoin a mere trespass. *Griner* v. *Culpepper*, 164 *Ga.* 858 (4) (139 S. S. E. 666); *City of Blue Ridge* v. *Kiker*, 190 *Ga.* 206 (1) (9 S. E. 2d 253); *Miller* v. *Stewart*, 202 *Ga.* 127, 128 (42 S. E. 2d 445). The only other allegation charging the defendant with trespassing is that plaintiff DuVal has, ". . . placed a fence on a portion of the original line between him and the said Reeves," and that "he has been notified by the defendant's attorney", that, "unless he removed said fence within three (3) days, the fence would be removed." This alleges only a threat to tear the fence down; and, ". . . a bare threat of injury to property, which, if followed up by an overt act would work irreparable injury, affords no basis for equitable relief by injunction or otherwise. *West* v. *Chastain*, 186 *Ga.* 667 (198 S. E. 736); *City of Atlanta* v. *Universal Film Exchanges*, 201 *Ga.* 463 (39 S. E. 2d 882); *City of Brunswick* v. *Anderson*, 204 *Ga.* 515 (50 S. E. 2d 337); *Mayor &c. of Athens* v. *Co-op Cab Co.*, 207 *Ga.* 505 (62 S. E. 2d 906)." *Nottingham* v. *Elliott*, 209 *Ga.* 481 (3) (74 S. E. 2d 93). The allegation of irreparable injury is a mere conclusion, since no facts are alleged to show such injury. *Burrus* v. *City of Columbus*, 105 *Ga.* 42, 46 (31 S. E. 124); *Washington Seminary* v. *Bass*, 192 *Ga.* 808, 816 (16 S. E. 2d 565); *Shockley* v. *Garner*, 211 *Ga.* 271, 272 (85 S. E. 2d 412). Accordingly, the petition fails to state a cause of action for equitable relief; and the trial judge erred in overruling the demurrer of the defendant.

*Judgment reversed. All the Justices concur.*

SUBMITTED NOVEMBER 10, 1958—DECIDED JANUARY 12, 1959.

*Graham Glover*, for plaintiff in error.
*Robert G. Walther*, contra.