## 41150. CLARK v. CHILDS.
(321 SE2d 727)

MARSHALL, Presiding Justice.

In May of 1968, G. F. Childs, Jr., sold certain property to Adrian P. Clark. The deed conveying the property contained the following reservation of interest: "Party of the first part herein for the use and benefit of his mother and father, Mr. and Mrs. Floyd Childs, Sr., reserves for them during their joint and several lifetime the exclusive use of the home dwelling on said land now occupied by them, together with the garden and fruit trees thereon located adjacent to the tenant house on said land; this reservation being for the benefit only of Mr. and Mrs. Floyd Childs, Sr. during their joint lifetime and only for the survivor of them, and no other person.

"Grantor further reserves for his mother and father the right to fish in the fishpond on said land so long as they shall live in said home dwelling, and this privilege shall include any guests of theirs who may accompany them when they go fishing." G. F. Childs, Sr., died in 1982. His widow, Mrs. Childs, continued to live on the property.

In 1982, Mrs. Childs brought suit against Adrian Clark, alleging that Clark had interfered with her peaceful possession of her life estate by threatening her water supply and her use of the fruit trees and fishing area, and erecting a gate on the road to her house and insisting that she keep it locked. Clark answered, denied these allegations, and counterclaimed for taxes on the life estate which he had allegedly paid and for the cost of the water she had used.

The trial court granted an interlocutory injunction restraining Clark from maintaining the gate, and from interfering with Mrs. Childs' use of the fruit trees, the fish pond, and water. In this order, the trial court ruled that under the evidence submitted, the premises encompassed in the life estate was a certain area which he verbally delineated. Subsequently, Clark amended his counterclaim to add claims for waste and for the expense of maintenance, as well as a request that Mrs. Childs be required to insure the property.

The case proceeded to trial before a jury, and the jury returned verdicts in favor of Mrs. Childs on the issues of waste, back taxes, and insurance. The jury found for the defendant on the issue of water in the amount of $96 ($2 a month for four years). Mrs. Childs' complaint for a permanent injunction was, of course, a matter for determination by the court. Accordingly, the trial court decided that issue and entered the following order: "The court finds the following facts on the matter of the issuance of a permanent restraining order:

"(1) Plaintiff is the owner of a life estate in the home dwelling on the land occupied by plaintiff and her husband during their lifetime, hereinafter described as the 'premises.'

"(2) Plaintiff is the owner of a life estate in the garden and fruit trees located on the 'premises,' as hereinafter described.

"(3) Plaintiff is entitled to the use of the fish pond for herself and her friends.

"(4) Plaintiff is entitled to the use of the water supply. located on the 'premises,' as hereinafter described, without interference from the defendant; however, she shall be required to pay to the defendant the sum of Two ($2.00) Dollars per month, the amount determined by the jury to be a reasonable monthly fee for the use of said water supply.

"(5) That the lane across which defendant constructed a gate is the only means of ingress and egress to the 'premises,' and has been used by the plaintiff, unrestricted, throughout the term of the life estate, until defendant constructed said gate in 1982.

"(6) The 'premises' referred to in the warranty deed creating the life estate here in question includes the home dwelling occupied by the life tenants at the time of the execution of said warranty deed, together with the curtilage within which said home dwelling is located, said curtilage being bounded on all sides by a fence, exclusive of the tenant house located on the north side of the fenced curtilage area and the east side of the land. The 'premises' further includes the garden area, the boundaries of which are not in controversy.

"IT IS, THEREFORE, ORDERED that:

"A) Defendant is permanently restrained and enjoined from maintaining a gate over, across, or on the lane or the 'premises' on which the residence of plaintiff is located, and this court finds that plaintiff has, by virtue of the deed referred to above, as well as by virtue of the use of the property, an easement on, over and to said lane located on the 'premises,' as above described.

"B) Plaintiff is entitled to the use and enjoyment of the garden and fruit trees, of whatever description, located on the 'premises.'

"C) Plaintiff is entitled to the use of the fish pond located on the property described in the warranty deed referred to above, for herself and for her guests who accompany her in the use of said pond.

"D) Defendant is permanently restrained and enjoined from interfering with the water supply to plaintiff's house for her personal use, as well as the use for watering her garden, fruit trees, flowers, and any and all other items customarily used in the proper upkeep of the residence occupied by plaintiff. This court finds, from the evidence submitted, that plaintiff has an easement for the use of said water supply so long as plaintiff lives; however, plaintiff shall pay to the defendant the sum of Two ($2.00) Dollars per month as the reasonable fee for the use of said water supply.

"IT IS ORDERED FURTHER that defendant shall have a right of ingress and egress across the 'premises' by the most direct route available for access to the shed and tenant house.

## "JUDGMENT ON JURY VERDICT

"The remaining issues in the case having come on for a trial before the court and jury, and the jury having returned its verdict as follows:

### "ISSUE OF WASTE

"We the jury find the plaintiff not guilty of wilful waste.

### "ISSUE OF WATER

"We the jury find in favor of the defendant on the issue of water in the amount of $96.00. ($2.00 a month for 4 years).

### "ISSUE OF TAXES

"We the jury find in favor of the plaintiff on the issue of back taxes.

### "ISSUE OF INSURANCE

"We the jury find in favor of the plaintiff on the issue of insurance.

"/s/ Michael W. Jarvis
"Foreman of the Jury
"September 22, 1983

"IT IS, THEREFORE ORDERED, that judgment be entered on the counterclaim accordingly, in favor of the plaintiff, Mrs. G. F. Childs, Sr., on the issues of waste, taxes and insurance, and that judgment be entered in favor of defendant, Adrian P. Clark, on the issue of water in the amount of $96.00. IT IS ORDERED FURTHER, that cost of this action be cast upon the defendant."

1. Clark's contention that the description in the deed was inadequate to convey a life estate is without merit. In the first place, throughout the trial he conceded that the deed reserved a life estate to the Childses in the home, garden and fruit trees. Secondly, "The test as to the sufficiency of the description of property contained in a deed is whether or not it discloses with sufficient certainty what the intention of the grantor was with respect to the quantity and location of the land therein referred to, so that its identification is practicable." *Smith v. Wilkinson*, 208 Ga. 489, 493 (67 SE2d 698) (1951); *Gainesville Midland R. Co. v. Tyner*, 204 Ga. 535 (50 SE2d 108) (1948); *Andrews v. Murphy*, 12 Ga. 431 (1853). Clark's real objection appears to be that the trial court expanded the life estate in delineating its boundaries. The record, however, does not support this contention. We conclude that the deed contained a practicable description of the life estate, and the judge's order delineating the boundaries did

not expand that description.

2. Clark contends that the trial court erred in setting the cost of water to Mrs. Childs for the future at $2 per month. We agree. The jury's verdict is for the cost of water for the past four years. The cost in the past does not establish the cost in the future. Therefore, the order must be reversed to the extent that it fixes Mrs. Childs' liability for water at $2 per month in the future.

3. Clark contends that the trial court erred in not giving certain charges which he requested. One requested charge which was not given read as follows: "It is the duty of the life tenant to insure the property held under a life estate." We hold that the trial court did not err in declining to give this charge as Georgia law does not place this burden on a life tenant. As noted in *C & S Nat. Bank v. Martin*, 246 Ga. 284 (271 SE2d 192) (1980), the statements in *Clark v. Leverett*, 159 Ga. 487 (126 SE 258) (1924), indicating that Georgia law does place this burden on a life tenant, are dicta. We decline to rule that a life tenant must as a matter of law, in the absence of an agreement to the contrary, insure his own interest or that of the remainderman. See 51 AmJur2d 524, Life Tenants and Remaindermen, § 243 (1970). Rather we hold that the charge as given by the trial court was a correct statement of the law: "[T]he rule is that it is for you, the jury, to determine whether the exercise of ordinary care required the plaintiff to insure defendant's remainder of interest in the property and, if so, whether such failure to insure would warrant the forfeiture of the life estate or the award of damages."

The trial court also declined to give Clark's requested charge No. 12: "The tenant for life (Mrs. Childs) must exercise the ordinary care of a prudent man for the preservation and protection of the property. She is bound to make necessary repairs just as she is bound to pay current taxes, unless otherwise provided in the deed." The first portion of this charge was given in only slightly different terms by the trial court; the latter portion, relating to taxes, however, was not adequately charged. The requested charge was a correct statement of the law, OCGA § 48-5-9, and should have been given. Thus the verdict as to taxes must be set aside.

We have examined the defendant's remaining enumerations of error relating to the charge and recharge and conclude that they are without merit.

4. The court charged the jury on both wilful waste and permissive waste. The verdict returned, quoted supra, related only to wilful waste. Upon the return of this verdict, the defendant objected, pointing out that there was no verdict as to permissive waste. The trial court then asked the foreman: "Mr. Foreman, what was the concensus of the jury's findings with regard to the matter of waste?" The foreman responded, "We felt like there was not a willful waste on the

house or there was no malice intended by the plaintiff concerning the house. The jury felt like there was no adequate defense that the house had not been properly cared for in the past." The trial court then overruled the objection. We agree with the defendant that this was error. The jury failed to return a verdict on an issue raised by the evidence and charged; upon objection, the jury should have been instructed to return a complete verdict.

5. The defendant's remaining enumerations of error were either waived by failure to object or are without merit.

*Judgment affirmed in part and reversed in part. All the Justices concur, except Gregory, J., who concurs specially, and Hill, C. J., and Smith, J., who dissent.*

DECIDED OCTOBER 17, 1984 — REHEARING DENIED NOVEMBER 6, 1984.

*Porter & Lehman, J. Richard Porter III,* for appellant.
*Smith, Perry & Epps, Ralph C. Smith, Jr.,* for appellee.

GREGORY, Justice, concurring specially.

I concur in the majority opinion. I point out that it is unnecessary for this court to determine whether a life estate or a usufruct is involved. The complaint alleged a life estate and this was admitted by the answer. Thus, for the purposes of this case, it is a life estate.

HILL, Chief Justice, dissenting.

In my view this case started off on the wrong foot and has remained out of step throughout. In her complaint plaintiff, Mrs. Childs, alleged that she has a life estate in the dwelling, garden and fruit trees. The defendant admitted this allegation but contended that the description of the life estate was inadequate. Hence, defendant contends that plaintiff has "a life estate only in the use of the dwelling and said garden and fruit trees."

A person cannot have a life estate in a use; such an interest is a usufruct for life, not a life estate. See my dissent in *Martin v. Heard*, 239 Ga. 816, 820 (238 SE2d 899) (1977).

If the plaintiff had claimed only a usufruct for life, the problems raised in this appeal (the lack of description, the use of water, the obligation to pay taxes, the obligation to insure, the duty to maintain against permissive waste) could be seen in their proper perspective and be correctly resolved.

Plaintiff may have relied upon *Martin v. Heard,* supra, in claiming a life estate. In my view *Martin v. Heard* was incorrectly decided and I therefore regret the position it may have forced upon the plaintiff. Defendant may also have relied on *Martin v. Heard,* at the same time realizing that it was to his advantage to do so because the holder

of a usufruct has fewer obligations than a life tenant.

In any event, because of *Martin v. Heard* the posture of this case is such that the majority cannot unravel it and put it on the right track. I, however, can (and do) dissent as I did in *Martin v. Heard.*

I am authorized to state that Justice Smith joins in this dissent.